IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| SHAWN HORNBECK and<br>MONTE BURGESS, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | ) | Case No. 4:18-cv-00523 |
| TRACTOR SUPPLY COMPANY and<br>SMITTY'S SUPPLY, INC., | )<br>)<br>) | |
| Defendants. | )<br>) | |

**JOINT NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO
28 U.S.C. §§ 1331 AND 1332(d)**

Pursuant to 28 U.S.C. §§ 1331, 1332(d), 1367, 1446 and 1453, Defendants Tractor Supply Company ("Tractor Supply"), and Smitty's Supply, Inc. ("Smitty's"), by and through their attorneys of record, hereby give notice of the removal of this action from the Circuit Court of Cass County, Missouri, where it is presently pending, to the United States District Court for the Western District of Missouri. As grounds for this removal, Tractor Supply and Smitty's assert the following:

**A.     The State Court Action**

1.     On May 25, 2018, Plaintiffs Shawn Hornbeck and Monte Burgess (collectively "Plaintiffs"), individually and on behalf of other persons similarly situated, filed a complaint (denominated a "Petition" in state court) against Tractor Supply and Smitty's in the Circuit Court of Cass County, Missouri, entitled *Shawn Hornbeck and Monte Burgess, etc., vs. Tractor Supply Company and Smitty's Supply, Inc.*, Case No. 18CA-CC00107 (the "State Court Action"). A true and correct copy of that Petition is attached hereto as ***Exhibit A***.

1

2. In the Petition, Plaintiffs allege that Tractor Supply and Smitty's marketed and sold deficient hydraulic fluid for use in tractors. (*See, e.g.,* Pet. ¶ 5.) Plaintiffs assert claims for 1) violation of R.S. Mo § 407.020 *et seq.* (Missouri Merchandising Practices Act) ("MMPA"); 2) Breach of Express Warranty; 3) Breach of Implied Warranty; 4) Fraudulent Misrepresentation; 5) Negligent Misrepresentation; and 6) Unjust Enrichment. (*See generally id.*)

3. Plaintiffs seek on behalf of themselves and putative members of the Proposed Class compensatory damages, punitive damages, and attorneys' fees and costs. (*Id.* at p. 19.)

**B.** **Removal Is Appropriate Under The Class Action Fairness Act.**

4. This Court has jurisdiction over this proposed action pursuant to the Class Action Fairness Act ("CAFA") because (i) there are at least 100 members in the Proposed Class; (ii) all members of the Proposed Class are citizens of a state (Missouri) different from the states in which Tractor Supply and Smitty's are citizens (Delaware, Tennessee and Louisiana, respectively) (i.e., minimal diversity exists)[1]; and (iii) the alleged amount in controversy exceeds $5 million. *See* 28 U.S.C. § 1332(d)(2). Accordingly, this action may be removed to this Court pursuant to 28 U.S.C. § 1453(b).

5. As explained below, the State Court Action meets these requirements and is thus removable under CAFA. *See* 28 U.S.C. § 1446(a) (defendants need provide only "a short and plain statement of the grounds for removal"); *Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547, 553-54 (2014) (Section 1446 "[t]racks the general pleading requirements stated in [Fed. R. Civ. P.] 8(a)," and submissions of proof are only necessary if the plaintiff or court contests the allegations in the notice of removal).

---

[1] Tractor Supply Company is a Delaware corporation with its principal place of business in Brentwood, Tennessee. Smitty's Supply, Inc. is a Louisiana corporation with its principal place of business in Roseland, Louisiana. *See e.g.*, Pet. ¶¶ 3,4.

6.      First, CAFA's class-size requirement is met, as Plaintiffs' allegations support that at least 100 members may comprise the putative class (the "Proposed Class"). *See* Pet. ¶ 45 (alleging that "Although the exact number and identity of each Class Member is not known at this time, there are thousands of Members of the Class.") Moreover, a cursory records search revealed that well over 100 individuals located within Missouri purchased the hydraulic fluid at issue in this matter.²

7.      Second, as required, diversity of citizenship exists here. *See* 28 U.S.C. § 1332(d)(2)(A) (providing that district court jurisdiction may be asserted over a class action in which "any member of a class of plaintiffs is a citizen of a State different from any defendant"). Here, Plaintiffs allege that each member of the Proposed Class, including Plaintiffs themselves, are residents of Missouri, while also alleging that Tractor Supply is a Tennessee citizen and that Smitty's is a Louisiana citizen. *See id. at* § 1332(d)(2); Pet. ¶¶ 3-4. Accordingly, there is minimum diversity between Plaintiffs and the putative class members and both Tractor Supply and Smitty's (citizens of Tennessee and Louisiana, respectively). Thus, CAFA's minimal diversity requirement is met.

8.      Third, as set forth below, this action also satisfies the amount-in-controversy requirement of CAFA because it "exceeds the sum or value of $5,000,000." 28 U.S.C. § 1332(d)(2). The Eighth Circuit has made clear that "[o]nce the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million . . . then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Raskas v. Johnson & Johnson*, 719 F.3d 884, 888 (8th Cir. 2013) (quoting *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)). This burden constitutes "a pleading requirement, not a demand for proof." *Id.* (quoting *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 944-45 (8th Cir. 2012)). "Even if it is highly

---

² Defendants' assertion here is sufficient for removal. A removing defendant's mere allegations are sufficient for a notice of removal and are no different than those made by a plaintiff under Rule 8(a) of the Federal Rules of Civil Procedure, and submissions of proof as to such allegations are only necessary in the event that plaintiff or the court contests those allegations. *Dart Cherokee*, 135 S.Ct. at 553-54. Only if the assertions in the notice of removal are challenged do both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied. *See id.*

improbable that the Plaintiffs will recover the amounts Defendants have put into controversy, this does not meet the legally impossible standard." *Id.* (citing *Keeling v. Esurance Ins. Co.*, 660 F.3d 273, 275 (7th Cir. 2011)). "Further, Defendants are not required to provide a 'formula or methodology for calculating the potential damages' more accurately." *Id.* (quoting *Hartis*, 694 F.3d at 945).

9. Here, Plaintiffs' allegations, coupled with evidence of their dispute with Defendants, establishes that the amount in controversy is greater than $5,000,000. *See id.* § 1332(d)(2). The Proposed Class is broadly defined as

> "All individuals who purchased Super S Supertrac 303 Tractor Hydraulic Fluid in Missouri at any point in time from May 25, 2013 to the present."

Pet. ¶ 42. As such, the time period at issue amounts to five years. *See id.*

10. According to a cursory records search, approximately $1,271,888.82 worth of the hydraulic fluid in question has been sold within Missouri by Tractor Supply alone during the time period contemplated by Plaintiffs[3]. In addition, a perfunctory review of records reflects that Smitty's shipped approximately $2,743,696.26 of the subject hydraulic fluid to other third-party vendors in Missouri for retail sale.[4] The total combined figure of sales in Missouri through Tractor Supply and the total value of hydraulic fluid shipped to third-party vendors in Missouri for retail sale equals $4,015,585.08. Moreover, Plaintiffs claim that each putative class member is entitled to punitive damages from both Defendants in this matter.[5] *See* Pet. at p. 19. Thus, assuming the

---

[3] This figure reflects the approximately 51,577 units (5 gallons per unit) sold by Tractor Supply in Missouri from May 25, 2013 through May 25,2018 multiplied by the average retail price of $24.66 (51,577 units x $24.66 average price = $1,271,888.82 estimated as total sales).

[4] The $2,743,696.26 amount is based on 111,261 units (5 gallons per unit) sold to third party vendors other than Tractor Supply for years 2013-2017. This figure does not include additional sales of 2, 2.5 and 3.5 gallon units as well as 55 gallon barrels. The 111,261 units have been multiplied by the average retail price of $24.66 (111,261 X $24.66 average price = $2,743,696.26 estimated sales).

[5] While a class has not yet been certified in this action, the Court may treat this as a class action for the purpose of ascertaining federal jurisdiction. *See Visintine v. Saab Auto. A.B.*, 891 F.Supp. 496, 497 n.3 (E.D. Mo. 1995) (citing

Proposed Class numbers in the thousands as Plaintiffs' Petition claims, the base figure Plaintiffs seek as compensatory damages would amount to a range of $1.3 million to $4 million with a substantially higher amount at issue in the form of punitive damages.

11. When coupled with Plaintiffs' pursuit, on behalf of themselves and the putative class members, of alleged actual damages, punitive damages, and attorney's fees, the alleged amount in controversy is even higher. *See id.* at p. 19 (Plaintiffs requesting such relief). Further, R.S. Mo. § 407.025 permits recovery of punitive damages and attorney's fees. *See* R.S. Mo. § 407.025. Additionally, the Eighth Circuit has held that both punitive damages and attorney's fees may be considered when determining the jurisdictional amount *Crawford v. Hoffman-LaRoche, Ltd.*, 267 F. 3d 760, 765 (8th Cir. 2001); *see also Kerr v. Ace Cash Experts, Inc.*, No. 4:10-CV-1694, 2010 WL 5177977, at *1 (E.D. Mo. Dec. 14, 2010) (considering punitive damages and attorney fees in removal analysis). Claims may be aggregated in a putative class action. *See* 28 U.S.C. § 1332(d)(6).

12. Plaintiffs have alleged, amongst other claims, violations under the MMPA and common law Fraudulent Misrepresentation. Violations of the MMPA may result in a plaintiff recovering compensatory and punitive damages, along with attorney's fees. R.S. Mo. § 407.025.1. Plaintiffs may also recover punitive damages under a claim for Fraudulent Misrepresentation. *See Lewellen v. Franklin*, 441 S.W. 3d 136, 142 (Mo. banc 2014). In *Lewellen*, the Supreme Court of Missouri held that legislatively capping how much a plaintiff can recover in punitive damages violates the plaintiff's right to trial. *Id.* at 142-45. Therefore, now under Missouri law, it is possible that a plaintiff may recover more than 5 times the combined sum of actual damages and attorney's fees. *See Baker v. NNW, LLC,* No. 15-00222-CV-W-GAF, 2015 WL 1284381 at *1 (W.D. Mo.

---

*In re Abbott Labs*, 51 F.3d 524, 525 n.1 (5th Cir. 1995) and *Fountain v. Black*, 876 F.Supp. 1294, 1297 n.5 (S.D. Ga. 1994)).

June 1, 2015) (denying plaintiff's motion to remand and finding that a standard 33% award of attorney's fees, a punitive damage award of 3.02 times compensatory damages and compensatory damages met jurisdictional requirements).

13.  Consistent with *Lewellen*, under Missouri law, juries are given the discretion to determine the amount of punitive damages, and there is no mathematical formula applied to determine punitive damages and they need not bear any specific relationship to actual damages received. *Finley v. Empiregas, Inc. of Potosi*, 975 F.2d 467, 472 (8th Cir. 1992). In particular, Missouri case law has supported the granting of large punitive damage awards in MMPA claims, even when the amount of actual damages awarded on the claim is considerably less. *See e.g., Lewellen*, 441 S.W. 3d at 145-48 (finding that punitive damage awards constituting a 40:1 ratio against one defendant and a 22:1 ratio against a second defendant did not violate due process); *Peel v. Credit Acceptance Corp.*, 408 S.W. 3d 191, 209-10 (Mo Ct. app. 2013) (approving a 15:1 ratio for punitive damages); *See also, Mishra v. Coleman Motors, LLC*, 4:16CV01533-PLC, 2017 WL 994868 at * 5-6 (E.D. Mo. March 15, 2017) (noting that "juries are inclined to assess large punitive damages awards in MMPA in concluding that claimed compensatory damages and legally plausible punitive damage award met jurisdictional requirements). The Eighth Circuit has upheld a ratio of 5.7:1 between punitive and compensatory damages, and has suggested in dicta that ratios within "single digits" will generally be upheld. *See Morse v. S. Union Co.*, 174 F.3d 917, 925-26 (8th Cir. 1999); *Trickey v. Kaman Indus. Techs. Corp.*, 705 F.3d 788, 804 (8th Cir. 2013); accord. *Bass v. Carmax Auto Servs., Inc.*, No. 07-0883, 2008 WL 441962, *2 (W.D. Mo. Feb. 14, 2008) (considering punitive damages award of approximately 6.7 times the actual damages in amount-in-controversy analysis).

14. Adding these potentially substantial amounts of punitive damages and attorney's fees to the alleged statutory damages at issue, as is required under CAFA, it is legally possible that the amount in controversy exceeds $5,000,000. For instance, courts in this Circuit have found that an actual damages claim of at least $594,000 – substantially less than the more conservative compensatory damage amount of $1,271,888.82 contemplated here ~~in~~ – easily met the CAFA threshold with a punitive damages claim in an unknown amount because "similar amounts have been held to satisfy the amount in controversy requirement in similar cases because of the potential for punitive damages and attorney's fees." *Kerr v. Ace Cash Experts, Inc.*, No. 4:10-CV-1694, 2010 WL 5177977, at *1 (E.D. Mo. Dec. 14, 2010). Indeed, applying the same single-digit ratio for punitive damages as the *Bass* Court did, approximately 6.7, to determine the amount in controversy – which cannot be said to be legally impossible – surpasses the CAFA threshold alone ($1,271,888.82 x 6.7 = $8,521,655.09). *See e.g. Bass v. Carmax Auto Servs., Inc.,* No. 07-0883, 2008 WL 441962, *2 (W.D. Mo. Feb. 14, 2008).

15. In addition, should this putative class action become certified and proceed through a trial, a reasonable attorneys' fee award under R.S. Mo. § 407.025 could ostensibly reach the hundreds of thousands of dollars, if not more. *See, e.g., Berry v. Volkswagen Grp. of America, Inc.*, 397 S.W.3d 425 (Mo. banc 2013) (affirming over $6.1 million attorney's fee award in automobile defect class action); *In re Alcolac, Inc. Litig.*, 945 S.W.2d 459, 460-62 (Mo. Ct. App. 1997) (affirming over $2.7 million attorney's fee award in class action toxic tort litigation); *City of O'Fallon v. CenturyLink, Inc.*, 491 S.W.3d 276 (Mo. Ct. App. 2016) (affirming over $2.8 million attorney's fee award in municipal class action); *Bachman v. A.G. Edwards, Inc.*, 344 S.W.3d 260 (Mo. Ct. App. 2011) (affirming $21 million attorney's fee award in securities class

7

action). *See also*, *Baker,* at*1 (W.D. Mo. June 1, 2015) (finding 33 % is a standard attorney's fee award in a MMPA case).

16. Thus, on a class-wide basis, it is legally plausible that the amount in controversy is well in excess of CAFA's required $5,000,000. For example, as a reasonable threshold, there is a legally possible $9,793,543.91 amount in controversy by adding together the conservative $1,271,888.82 estimate of compensatory damages and a potential $8,521,655.09 in punitive damages (6.7:1 ratio). This figure grows to an even higher amount in controversy when the possibility of substantial attorneys' fees is considered. As another example, there is a legally possible $12,793,543.91 amount in controversy by adding figures of $8,521,655.09 in punitive damages (6.7:1 ratio) and an award of $3 million in attorney's fees – still legally possible, as demonstrated by the citations above – to the potential actual damages amount of $1,271,888.82. Finally, using more modest figures for punitive damages of $3,815,666.46 (3:1 ratio) added to the possible compensatory damages figure of $1,271,888.82 (a total of $5,087,555.28), CAFA's amount in controversy requirement is easily satisfied without even considering attorneys' fees, which could be substantial. Further, if the total compensatory damages include sales other than by Tractor Supply, roughly estimated at $2,743,696.26, then under even a conservative 3:1 ratio for punitive damages ($8,231,088.78), the CAFA amount in controversy is met, exclusive of attorney's fees. Under countless formulations, CAFA's amount-in-controversy requirement is satisfied here.

17. Accordingly, the State Court Action is removable pursuant to CAFA. *See* 28 U.S.C. § 1446; *Dart Cherokee*, 135 S.Ct. at 553-54 (Section 1446 "[t]racks the general pleading requirements stated in [Fed. R. Civ. P.] 8(a)," and submissions of proof are only necessary if the plaintiff or court contests the allegations in the notice of removal).

18. Defendants deny any liability in this case and intend to vigorously oppose class certification and to defend the case on the merits. Defendants reserve all rights in this regard. However, for purposes of removal only, Plaintiffs' allegations establish that the requirements of CAFA are met, including establishing that the amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1332(d)(2); 1453(b).

### C. Removal Is Appropriate Under The Class Action Fairness Act.

19. Removal is timely. Plaintiffs filed the State Court Action on May 25, 2018. Plaintiffs caused the Petition to be served on June 7, 2018. See State Court Action, Notices of Service (filed May 25, 2018) & Returns of Service (filed June 7, 2018). Therefore, this Notice of Removal is brought within 30 days of service upon Defendants and is timely as required by 28 U.S.C. §§ 1453(b) and 1446(b) and Rule 6 of the Federal Rules of Civil Procedure.

20. Venue in this Court is proper. Pursuant to 28 U.S.C. § 1446(a), Defendants file this Notice of Removal in the District Court of the United States for the district and division within which the State Court Action is pending. *See also Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665-66 (1953) (venue removed in cases is controlled by the removal statute, rather than the general venue statute, which requires removal to "the district and division embracing the place where such action is pending").

21. Pursuant to 28 U.S.C. §§ 1453(b) and 1446(a), Defendants have attached hereto as **Exhibit B** copies of all process, pleadings, and orders filed with the state court.

22. Further pursuant to 28 U.S.C. § 1446(d), a copy of the Notice of Removal with its attachments will be served promptly on Plaintiffs through their counsel of record in the State Court Action, and a true and correct copy of this Notice will be filed with the clerk of the Circuit Court of Cass County, Missouri.

23. By this Notice of Removal, Defendants do not waive any defenses or objections they may have to this action; do not intend any admission of fact, law, or liability; and expressly reserve all defenses, motions, and pleas.

**WHEREFORE**, Defendants Tractor Supply and Smitty's hereby removes the Circuit Court of Cass County, Missouri case entitled *Shawn Hornbeck and Monte Burgess, etc., vs. Tractor Supply Company and Smitty's Supply, Inc.*, Case No. 18CA-CC00107, originally filed on May 25, 2018, to the United States District Court for the Western District of Missouri, pursuant to 28 U.S.C. §§ 1331, 1332(d), 1367, and 1453, and other relevant and applicable law, as if this action had been originally filed in this Court, seeks that further proceedings in the State Court Action be stayed in all respects, and that Defendants obtain all additional relief to which they are entitled.

Respectfully submitted,

*/s/ Thomas E. Rice*
Thomas E. Rice           MO #29946
BAKER STERCHI COWDEN & RICE, L.L.C.
2400 Pershing Road, Suite 500
Kansas City, MO 64108
Telephone:   (816) 471-2121
Facsimile:    (816) 472-0288
rice@bscr-law.com
**ATTORNEY FOR DEFENDANT
TRACTOR SUPPLY COMPANY**

and

*/s/ Nikki Cannezzaro*
Nikki Cannezzaro          #49630
Jacqueline A. Cook         #36389
8900 Ward Parkway
Kansas City, MO 64114
Telephone:   (816) 421-7100
Facsimile:    (816) 421-7915
ncannezzaro@fsmlawfirm.com
**ATTORNEYS FOR DEFENDANT
SMITTY'S SUPPLY INC.**

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was electronically filed with Clerk of the Court via the CM/ECF system, and copies were served via email transmission this 9th day of July, 2018 to the following counsel:

Gene P. Graham, Jr.
Bryan T. White
19049 East Valley View Parkway
Independence, Missouri 64055
(816) 373-9080 Fax (816) 373-9319
ggraham@wagblaw.com
bwhite@wagblaw.com

Thomas V. Bender
Dirk Hubbard
2600 Grand, Suite 1100
Kansas City, MO 64108
(816) 421-0700
(816) 421-0899 (Fax)
dhubbard@hab-law.com

and

Clayton Jones
P.O. Box 257
405 W. 58 Highway
Raymore, MO 64083
(816) 318-4266 (Office)
(816) 318-4267 (Fax)
Claytonjoneslaw.com

**ATTORNEYS FOR PLAINTIFFS
AND CLASS MEMBERS**

> */s/ Thomas E. Rice*
> Attorney for Defendant Tractor Supply Company