# EXHIBIT A

Electronically Filed - Cass - May 25, 2018 - 11:36 AM

IN THE CIRCUIT COURT OF CASS COUNTY, MISSOURI

SHAWN HORNBECK and
MONTE BURGESS, each on behalf of
himself and others similarly situated;

        Plaintiff,

  v.

TRACTOR SUPPLY  COMPANY
    Serve Registered Agent
    CT Corporation System
    120 South Central Ave.
    Clayton, MO 63105

-and-

SMITTY'S SUPPLY, INC.
    Serve Registered Agent
    CT Corporation System
    120 South Central Ave.
    Clayton, MO 63105

        Defendants.

Case No. _____

## CLASS ACTION PETITION

COME NOW Plaintiffs, on behalf of themselves and all others similarly situated, and for their causes of action state and allege as follows:

### PARTIES

1.    Plaintiff Shawn Hornbeck is a citizen and resident of Peculiar, Missouri.

2.    Plaintiff Monte Burgess is a citizen and resident of Belton, Missouri.

3.    Defendant Tractor Supply Company (Tractor Supply) is a for-profit company authorized to do business in the State of Missouri with its principal place of business in Brentwood, Tennessee. Defendant Tractor Supply has advertised and sold its products in Cass County and throughout the State of Missouri at its Tractor Supply Co. retail stores.

1

4. Defendant Smitty's Supply, Inc. (Smitty's) is a for-profit company authorized to do business in the State of Missouri with its principal place of business in Roseland, Louisiana. Defendant Smitty's has advertised and sold its products, including its Super S Supertrac 303 Tractor Hydraulic Fluid, in Cass County and throughout the State of Missouri, including at Tractor Supply Co. retail stores.

5. Defendants' conduct has harmed consumers like Plaintiffs by inducing them to purchase and use their "303" tractor hydraulic fluid products, more specifically Super S Supertrac 303 Tractor Hydraulic Fluid (303 THF Product) on the false promise that the 303 THF Product meets certain specifications and by directly or implicitly representing that the product is safe for use in farm, construction and logging equipment and has certain characteristics and qualities that protect equipment from wear and damage when, in reality, the product does not meet any specifications and cause harm, increased wear and damage to consumers' equipment.

## JURISDICTION AND VENUE

6. Pursuant to § 508.010.4 RSMo, Cass County Circuit Court, State of Missouri, is an appropriate venue because the false representations, deceptive, dishonest, and misleading practices, and the unjust enrichment, occurred in Cass County and elsewhere in the State of Missouri.

7. The Circuit Court of Cass County, Missouri has personal jurisdiction over Defendants because Defendants transact business in Missouri, with their various advertising methods and product sales directed toward Missouri residents. Additionally, Plaintiffs purchased the products at issue in Cass County, Missouri.

8. This is a civil case in which the Cass County Circuit Court, State of Missouri, has jurisdiction pursuant to Mo. Const., Art. V. § 14.

9.     The total amount in controversy as to each Plaintiff and each individual Member of the proposed Class alleged herein does not exceed seventy-four thousand nine hundred ninety-nine dollars ($74,999.00), including treble damages, punitive damages, interest, costs, and attorneys' fees.  Each Plaintiff specifically disclaims any relief, whether in law or in equity, in excess of $74,999.  In addition, neither the Plaintiffs nor any Member of the proposed Class assert any federal question.

10.     The proposed Class in this case includes only those persons who purchased the products at issue in the State of Missouri.  The amount in controversy for all proposed Class Members does not exceed five million dollars ($5,000,000.00).

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

11.     Defendant Tractor Supply is in the business of selling and advertising for sale certain merchandise or retail products in trade or commerce at retail stores within Cass County and other Counties throughout the State of Missouri.

12.     Defendant Smitty's is in the business of manufacturing certain merchandise or retail products which are to be sold in trade or commerce at retail stores within Cass County and other Counties throughout the State of Missouri.

13.     During some or all of the five year period prior to the filing of this Class Action Petition, Defendant Tractor Supply sold and advertised in yellow buckets its 303 THF Product called Super S Supertrac 303 Tractor Hydraulic Fluid.

14.     During some or all of the five year period prior to the filing of this Class Action Petition, Defendant Smitty's manufactured and advertised the Super S Supertrac 303 Tractor Hydraulic Fluid sold by Tractor Supply.

3

## Defendants' Deceptive Marketing and Advertising

15. During some or all of the five year period prior to the filing of this Class Action Petition, Defendants Tractor Supply and Smitty's marketed the Super S Supertrac 303 Tractor Hydraulic Fluid (1) as meeting specifications and being acceptable for use as hydraulic fluid, transmission fluid, and gear oil in older tractors and other equipment; (2) as a substitute for and satisfying John Deere's JD-303 specifications; (3) as a fluid that provides extreme pressure and anti-wear protection for tractor transmission, axles and hydraulic pumps; (4) as a fluid that protects against rust and corrosion; and (5) as a fluid designed for use in equipment of manufacturers where a product of its quality is recommended, including Allis-Chalmers, Massey Ferguson, Deutz, JI Case/David Brown, Allison, International Harvester, White, Kubota, John Deere 303, J20A, Oliver, Ford and Caterpillar.

16. Defendants' marketing and advertising of the 303 THF Product has been widespread, continuous and contained on various signs, labels and advertisements throughout the State of Missouri for years. Representative examples of Defendants' marketing and advertising materials are set forth below.

17. Super S Supertrac 303 Tractor Hydraulic Fluid was specifically marketed and advertised as follows:

4

Electronically Filed - Cass - May 25, 2018 - 11:36 AM

# Super S® SuperTrac® 303 Tractor Hydraulic Fluid
TECHNICAL PRODUCT INFORMATION



### Super S SuperTrac 303 Tractor Hydraulic Fluid
Super S SuperTrac 303 Tractor Hydraulic Fluid is designed to lubricate the transmission, differential and final drive gears in tractors and implements. It is a multi-functional fluid used as a hydraulic medium, and as a power steering, power brake, power take-off (PTO), and implement drive fluid.

**FEATURES/ BENEFITS**
- Lubricates the transmission, differential and final drive gears in tractors and implements
- Provides extreme pressure and anti-wear protection for tractor transmission, axles and hydraulic pump
- Protects against rust and corrosion
- Provides excellent results for foam suppression and water sensitivity
- Controlled frictional characteristics permit the wet brakes to hold properly, reduces brake chatter and provides for smooth engagement of power take-off (PTO) clutches.

**APPLICATIONS**
SuperTrac 303 Tractor Hydraulic Fluid is designed for use as a replacement fluid for the hydraulic, wet brake, and transmission requirements of equipment manufacturers where a product of this quality is recommended, including:

| | | |
|---|---|---|
| Allis Chalmers | Allison | Caterpillar |
| Deutz | Ford Tractor | International Harvester |
| J I Case/David Brown | John Deere 303, J20A | Kubota |
| Massey Ferguson | Oliver | White |

18.     The Super S Supertrac buckets contain the following, similar information:



5

19.     These representations were also contained in Defendants' advertising circulars and/or on Defendants' websites.

20.     By marketing and advertising the 303 THF Product in the foregoing manner, and by describing the products using words such as "multi-functional," Defendants have created an image in the minds of Plaintiffs and other consumers that would lead a reasonable consumer to conclude that Defendants' 303 THF Product was completely safe and effective for use in consumers' equipment.

21.     Defendants' advertising and marketing of their 303 THF Product was material to the reasonable consumer.

22.     At the time of Defendants' advertisements, marketing and other representations, and as Defendants already knew, the representations regarding 303 THF Product were false, deceptive and misleading to consumers seeking to purchase tractor hydraulic fluid.

23.     The John Deere "303" designation is over 50 years old and has been obsolete for many years. Defendants knew that at the time they were marketing and selling the 303 THF Product during the Class Period, there were no specifications available for "303" tractor hydraulic fluid and, therefore, no way to ensure the accuracy of representations that their 303 THF Product was in compliance with any known specifications.

24.     As Defendants knew, the 303 THF Product manufactured by Defendants and sold in the yellow buckets lacked some or all of the additives required to provide the advertised "results," "features" and "benefits."

25.     As Defendants knew, the 303 THF Product manufactured by Defendants and sold in the yellow buckets did not meet any current specs for any manufacturers of farm, logging and construction equipment.

6

### The State of Missouri's Testing of 303 THF

26.     In the summer of 2017, the Missouri Department of Agriculture sampled 14 different 303 THF products, many of which claimed to work in almost every tractor. All 14 of these 303 THF products failed to meet any current specifications and were found to be underperforming to the point that damage was likely to result from use.

27.     The Missouri Department of Agriculture notified the retailers, including Defendant Tractor Supply, that the products were misbranded because they failed to meet any current tractor manufacturer's specifications.

28.     On information and belief, Super S Supertrac 303 was among the 303 THF products the Missouri Department of Agriculture tested and that failed to meet any current specifications and was likely to cause damage to equipment.

29.     In or around November of 2017, Defendant Tractor Supply provided a notice

to consumers at its stores that the State of Missouri placed a stop sale order on its 5 gallon buckets of 303 THF products.

### Plaintiffs' Experience with Defendants' Advertising and Products

30.     In the five year period prior to the filing of this Class Action Petition, Plaintiffs purchased Defendants' 303 THF Product on numerous occasions, primarily for personal, family, or household purposes.

31.     As with all members of the Class, in the five year period prior to the filing of this Class Action Petition, Plaintiffs purchased Defendants' 303 THF Product upon the representations set forth above.

32.     Plaintiff Shawn Hornbeck purchased and used Super S Supertrac 303 which was manufactured by Smitty's and sold by Tractor Supply. In the fall of 2014, Plaintiff Hornbeck purchased three 5-gallon buckets of Super S Supertrac 303 at Tractor Supply Co. located in Belton, Missouri. Plaintiff paid approximately $18.00 each (approximately $60 with tax).

33.     These 303 THF Product was used by Plaintiff Hornbeck for personal use on the following equipment: John Deere Skid Steer Loader Hydraulic System, John Deere B Tractor, JD 50 Tractor Hydraulic Lift, Hay Wagon Lift Cylinder, Log Splitter Hydraulic Tank, 1952 Chevy Grain Truck Lift Cylinder, and 1958 International Dump Lift System.

34.     Plaintiff Monte Burgess purchased and purchased and used Super S Supertrac 303 Tractor Hydraulic Fluid, which was manufactured by Smitty's and sold to Plaintiff by Tractor Supply Co. In the past five years, Plaintiff Burgess purchased 5-gallon buckets of Super S Supertrac 303 at Tractor Supply Co. located in Belton, Missouri. Plaintiff paid approximately cost $18.00 for each bucket.

35.     The Super S Supertrac 303 product was used by Plaintiff Burgess for personal use on the following equipment: tractors, mowers, dump trucks, brush hogs, farm implements, skidders and log splitters.

36.     Plaintiffs reasonably relied upon Defendants' own statements and advertisements concerning the particular qualities and benefits of the 303 THF Product.

37.     A reasonable consumer would consider Defendants' statements and advertisements when looking to purchase a tractor hydraulic fluid. As a result of using Defendants' 303 THF Product, Plaintiffs and Class Members: (a) paid a sum of money for a product that was not as represented; (b) received a lesser product than advertised and marketed; (c) were deprived of the benefit of the bargain because the 303 THF Product was different than

8

what Defendants represented; (d) were deprived of the benefit of the bargain because the 303 THF Product had less value than what was represented; and (e) did not receive a product that measured up to their expectations as created by Defendants.

38.     When Defendants Tractor Supply and Smitty's manufactured, marketed, advertised, distributed, and sold Plaintiffs and Class Members their 303 THF Product, Defendants knew or should have known that product (1) did not meet specifications and was not acceptable for use as hydraulic fluid, transmission fluid, and gear oil in older tractors and other equipment; (2) was not an adequate substitute for and did not satisfy John Deere's JD-303 specifications; (3) was not adequate to provides extreme pressure and anti-wear protection for tractor transmission, axles and hydraulic pumps; (4) was not adequate to protects against rust and corrosion; and (5) was not appropriate for use in equipment of manufacturers where a product of its quality is recommended, including Allis-Chalmers, Massey Ferguson, Deutz, JI Case/David Brown, Allison, International Harvester, White, Kubota, John Deere 303, J20A, Oliver, Ford and Caterpillar.

39.     Plaintiffs used the 303 THF Product in the manner in which Defendants advised it could and should be used.

40.     As a result of Defendants' 303 THF Product not meeting specifications as advertised, marketed, warranted, and promised, Defendants violated the Missouri Merchandising Practices Act, fraudulently or negligently induced Plaintiffs and Class Members to purchase their products through material misrepresentations, and were unjustly enriched.

41.     This action is brought by Plaintiffs against Defendants to recover all money paid by Plaintiffs and Class Members to Defendants for purchase of their 303 THF Product which

9

Electronically Filed - Cass - May 25, 2018 - 11:36 AM

were marketed, advertised, and sold in the dishonest, misleading, and deceptive manners noted herein.

## CLASS ACTION ALLEGATIONS

42.     Plaintiffs bring this Class Action pursuant to Missouri Rules of Civil Procedure 52.08, on behalf of themselves and the following Class of similarly situated persons:

> All individuals who purchased Super S Supertrac 303 Tractor Hydraulic Fluid in Missouri at any point in time from May 25, 2013 to present.

43.     Excluded from the Class are Defendants, including any parent, subsidiary, affiliate or controlled person of Defendants; Defendants' officers, directors, agents, employees and their immediate family members, as well as the judicial officers assigned to this litigation and members of their staffs and immediate families.

44.     The 303 THF Product at issue was sold across Missouri through retailers. The Class Members may be identified through use of sales receipts, affidavits, or through sales records.

45.     The proposed Class is so numerous that joinder of all Class Members is impracticable. Although the exact number and identity of each Class Member is not known at this time, there are thousands of Members of the Class.

46.     There are questions of fact and law common to the Class which predominate over questions affecting only individual Class Members. The questions of law and fact common to each Class arising from Defendants' actions include, without limitation, the following:

> a. Whether Defendants' 303 THF Product was being advertised and marketed as alleged in paragraphs 15-20, above;
>
> b. Whether Defendants' 303 THF Product in actuality was as alleged in paragraphs 21-29 and 37-38, above;

10

c. Whether Defendants' manufacturing, advertising, marketing, and/or sale of their 303 THF Product was deceptive, unfair, and/or dishonest;

d. Whether Defendants' representations regarding their 303 THF Product were false and made knowingly by Defendants, and were therefore deceptions, frauds, false pretenses, false promises, and/or misrepresentations as described in 407.020 RSMo and a violation thereof;

e. Whether Defendants' representations were false and made negligently by Defendants, and were therefore deceptions, frauds, false pretenses, false promises, and/or misrepresentations as described in 407.020 RSMo and a violation thereof; and,

f. Whether Defendants were unjustly enriched.

47.     Each Plaintiff's claims are typical of those in the putative Class because each purchased Defendants' 303 THF Product and was similarly treated.

48.     Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of other Members of the Class. The interests of the other Class Members will be fairly and adequately protected by Plaintiffs and counsel, who have extensive experience prosecuting complex litigation and class actions.

49.     A Class Action is the appropriate method for the fair and efficient adjudication of this controversy. It would be impracticable, cost prohibitive, and undesirable for each member of the Class to bring a separate action. In addition, the presentation of separate actions by individual Class Members creates the risk of inconsistent and varying adjudications, establishes incompatible standards of conduct for Defendants, and/or substantially impairs or impedes the ability of Class Members to protect their interests. A single Class Action can determine, with judicial economy, the right of the Members of the Class.

50.     A Class Action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of this controversy.

51.     Class certification is also appropriate because Defendants have acted or refused to act on grounds generally applicable to the Class. The Class Action is based on Defendants' acts and omissions with respect to the Class as a whole, not on facts or law applicable only to the representative Plaintiffs. All Class Members who purchased Defendants' products were treated similarly. Thus, all Class Members have the same legal right to an interest in relief for damages associated with the violations enumerated herein.

52.     Plaintiffs assert in Counts I through VI, below, the following claims on behalf of themselves and the Class:

- Count I – Missouri Merchandising Practices Act Violations
- Count II – Breach of Express Warranty
- Count III – Breach of Implied Warranty
- Count IV – Fraud/Misrepresentation
- Count V – Negligence
- Count VI – Unjust Enrichment

## COUNT I
### (Violations of Missouri's Merchandising Practices Act)
**(Plaintiffs and All Class Members Who Purchased For Personal, Family, Household Use)**

53.     Plaintiffs incorporate by reference all preceding paragraphs of the Class Action Petition as if fully set forth herein.

54.     Plaintiffs and many Class Members purchased Defendants' 303 THF Product for personal, family, or household purposes.

55.     Defendants' representations set forth in paragraphs 15-20, above, including without limitation the representations that the 303 THF Product was fit to be used in older tractors and other equipment, and that the 303 THF Product met specifications, were unfair,

12

deceptive, false and misleading and made knowingly by Defendants or without knowledge as to their truth or falsity and were therefore deceptions, frauds, false pretenses, false promises, and misrepresentations as described at § 407.020 RSMo, and therefore a violation of the Missouri Merchandising Practices Act.

56.     Defendants' representations set forth in paragraphs 15-20, above, including without limitation the representations that the 303 THF Product was fit to be used in older tractors and other equipment, and that the 303 THF Product met specifications, also constituted the omission or suppression of a material fact in violation of § 407.020 RSMo in that Defendants' 303 THF Product was not appropriate for use and did not meet specification as advertised, marketed, and sold.

57.     Defendants' conduct as set forth herein with regard to the marketing and sale of the 303 THF Product constitute unlawful, unfair and/or fraudulent business practices in violation of the Missouri Merchandising Practices Act, §§ 407.010 *et seq.*

58.     Defendants engaged in unlawful practices including deception, false promises, misrepresentation, and/or the concealment, suppression or omission of material facts in connection with the marketing and sale of the 303 THF Product, all in violation of §407.020 RSMo.

59.     Plaintiffs and Class Members have suffered economic and other damages as a result of Defendants' conduct with regard to the marketing and sale of the 303 THF Product.

60.     As a direct and proximate result of Defendants' illegal conduct, Plaintiffs and Class Members have suffered ascertainable losses of money.

61.     Defendants' conduct as described herein was intentional and in violation of § 407.020 RSMo, and the regulations of the Attorney General of Missouri promulgated thereunder.

Electronically Filed - Cass - May 25, 2018 - 11:36 AM

62.     Defendants' conduct is such that an award of punitive damages against each Defendant is appropriate.

## COUNT II
### (Breach of Express Warranty – Plaintiffs and All Class Members)

63.     Plaintiffs incorporate by reference all preceding paragraphs of the Class Action Petition as if fully set forth herein.

64.     Plaintiffs and Class Members purchased Defendants' 303 THF Product.

65.     As set forth above, Defendants made common statements of facts regarding the quality and use of the THF 303 Product.

66.     The common statements Defendants made regarding the 303 THF Product were a material factor in inducing Plaintiffs and Class Members to purchase the 303 THF Product and therefore became part of the basis of the benefit of the bargain and an express warranty.

67.     Plaintiffs and the Class Members reasonably relied on the common statements of fact.

68.     As set forth above, the THF 303 Product did not conform to the statements of Defendants. As a result, Plaintiffs and the Class Members did not receive goods as warranted by Defendants.

69.     Defendants have received timely notifications of the defects in their THF 303 Product.

70.     The failure of the THF 303 Product to conform to the statements of Defendants has caused injury to Plaintiffs and Class Members.

14

## COUNT III
### (Breach of Implied Warranty – Plaintiffs and All Class Members)

71.    Plaintiffs incorporate by reference all preceding paragraphs of the Class Action Petition as if fully set forth herein.

72.    Defendants directly or indirectly sold the 303 THF Product to Plaintiffs and Class Members for use as described above.

73.    As set forth above, at the time Defendants sold the 303 THF Product, the product was not fit for its ordinary use and the use described by Defendants.

74.    Plaintiffs and Class Members used the 303 THF Product for its ordinary purpose and the use described by Defendants.

75.    Defendants have received timely notification of the defect in their 303 THF Product.

76.    The failure of the 303 THF Product to be fit for their ordinary purpose has cause injury to Plaintiffs and Class Members.

## COUNT IV
### (Fraudulent Misrepresentation – Plaintiffs and All Class Members)

77.    Plaintiffs incorporate by reference all preceding paragraphs of the Class Action Petition as if fully set forth herein.

78.    Defendants made representations regarding their 303 THF Product, as set forth above, including without limitation the representations that the 303 THF Product was fit to be used in older tractors and other equipment, that the 303 THF Product met specifications, and that the 303 THF Product provided certain qualities, results and benefits, were false and made knowingly by Defendants, and were therefore fraudulent.

15

79.     Defendants' representations set forth above, including without limitation the representations that the 303 THF Product was fit to be used in older tractors and other equipment, that the 303 THF Product met specifications, and that the 303 THF Product provided certain qualities, results and benefits, were false and made knowingly by Defendants, and were therefore fraudulent.

80.     Defendants' representations as set forth above, including without limitation the representations that the 303 THF Product was fit to be used in older tractors and other equipment, and that the 303 THF Product met specifications, and that the 303 THF Product provided certain qualities, results and benefits, were made by each Defendant with the intent that Plaintiffs and other Class Members rely on such representations.

81.     Defendants' representations as set forth above, including without limitation the representations that the 303 THF Product was fit to be used in older tractors and other equipment, that the 303 THF Product met specifications, and that the 303 THF Product provided certain qualities, results and benefits, were made by each Defendant despite knowing the representations were false at the time the representations were made, and/or without knowledge of the truth or falsity of the representations.

82.     Defendants' representations were material to the purchase of the 303 THF Product.

83.     Plaintiffs and Class Members relied on Defendants' representations, and such reliance was reasonable under the circumstances.

84.     Defendants' conduct as set forth herein with regard to the marketing and sale of the 303 THF Product constitutes fraud on Plaintiffs and all Class Members.

16

85.     Plaintiffs and Class Members have been economically damaged by Defendants' fraudulent conduct with regard to the marketing and sale of the 303 THF Product.

86.     As a direct and proximate result of Defendants' illegal conduct, Plaintiffs and Class Members have suffered ascertainable losses of money and other damages.

87.     Defendants' conduct as described herein was intentional and/or in reckless disregard for the rights of Plaintiffs and other Class Members.

88.     Defendants' conduct is such that an award of punitive damages against each Defendant is appropriate.

**COUNT V**
**(Negligent Misrepresentation – Plaintiffs and All Class Members)**

89.     Plaintiffs incorporate by reference all preceding paragraphs of the Class Action Petition as if fully set forth herein.

90.     Defendants made representations regarding their 303 THF Product, as set forth above, including without limitation the representations that the 303 THF Product was fit to be used in older tractors and other equipment, that the 303 THF Product met specifications, and that the 303 THF Product provided certain qualities, results and benefits, were false and made knowingly by Defendants, and were therefore fraudulent.

91.     Such representations were made by Defendants with the intent that Plaintiffs and the Class Members rely on such representations in purchasing Defendants' 303 THF Product.

92.     Such representations were material to Plaintiffs' and the Class Members' purchase of Defendants' 303 THF Product.

93.     Such representations were false.

94.     Defendants failed to use ordinary care and were negligent in making and/or allowing to be made the representations set forth above.

17

95.     Plaintiffs and the Class Members relied on such representations and such reliance was reasonable under the circumstances.

96.     Plaintiffs and Class Members have been economically damaged by Defendants' negligent conduct with regard to the marketing and sale of the 303 THF Product.

97.     As a direct and proximate result of Defendants' negligent conduct, Plaintiffs and Class Members have suffered ascertainable losses of money.

**COUNT VI**
**(Unjust Enrichment – Plaintiffs and All Class Members)**

98.     Plaintiffs incorporate by reference all preceding paragraphs of the Class Action Petition as if fully set forth herein.

99.     As a result of Defendants' deceptive, fraudulent, and misleading advertising, marketing, and sales of the 303 THF Product, Plaintiffs and the Class Members purchased Defendants' 303 THF Product and conferred a benefit upon Defendants, which Defendants appreciated and accepted.

100.    Defendants were enriched at the expense of Plaintiffs and other Class Members through the payment of the purchase price for Defendants' 303 THF Product.

101.    Under the circumstances, it would be against equity and good conscience to permit Defendants to retain the ill-gotten benefits that they received from Plaintiffs and the other Class Members, in light of the fact that the 303 THF Product purchased by Plaintiffs and the other Members of the Class were not what Defendants represented them to be. Thus, it would be inequitable or unjust for Defendants to retain the benefit without restitution to Plaintiffs and the other Members of the Class for the monies paid to Defendants for the 303 THF Product.

WHEREFORE, Plaintiffs, on behalf of themselves and the Class described in this Class Action Petition, respectfully requests that:

18

A. The Court certify the Class pursuant to Rule 52.08 and § 407.025 RSMo, and adjudge Plaintiffs and counsel to be adequate representative thereof;

B. The Court enter an Order requiring each Defendant to pay actual and punitive damages to Plaintiffs and the other Members of the Class;

C. The Court enter an Order awarding Plaintiffs, individually and on behalf of the other Members of the Class, their expenses and costs of suit, including reasonable attorneys' fees and reimbursement of reasonable expenses, to the extent provided by law;

D. The Court enter an Order awarding to Plaintiffs, individually and on behalf of other Members of the Class, pre-and post-judgment interest, to the extent allowable; and,

E. For such other and further relief as may be just and proper.

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all issues of fact and damages in this action.

Date: May 25, 2018

Respectfully submitted,

WHITE, GRAHAM, BUCKLEY,
& CARR, L.L.C

BY: _/s/ Bryan T. White_
Gene P. Graham, Jr.  MO Bar #34950
Bryan T. White      MO Bar #58805
19049 East Valley View Parkway
Independence, Missouri 64055
(816) 373-9080 Fax: (816) 373-9319
ggraham@wagblaw.com
bwhite@wagblaw.com

19

-and-

HORN AYLWARD & BANDY, LLC

BY:   */s/ Dirk Hubbard*
        Thomas V. Bender, MO Bar #28099
        Dirk Hubbard, MO Bar #37936
        2600 Grand, Ste. 1100
        Kansas City, MO 64108
        (816) 421-0700
        (816) 421-0899 (Fax)
        dhubbard@hab-law.com

        -and-

CLAYTON JONES, ATTORNEY AT LAW

BY:   */s/ Clayton A. Jones*
        Clayton Jones MO Bar #51802
        P.O. Box 257
        405 W. 58 Hwy.
        Raymore, MO 64083
        Office: (816) 318-4266
        Fax: (816) 318-4267
        claytonjoneslaw.com

**ATTORNEYS FOR PLAINTIFFS**
**AND CLASS MEMBERS**