# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

SHAWN HORNBECK, et al.         )
     each on behalf of himself and others    )
     similarly situated,            )
                          )
               Plaintiffs,     )
                          )
v.                           )     Case No. 4:18-CV-00523--NKL
                          )
TRACTOR SUPPLY COMPANY, and    )
SMITTY'S SUPPLY, INC.,         )
                          )
              Defendants.    )

## PLAINTIFFS' SUGGESTIONS IN SUPPORT OF
## PRELIMINARY APPROVAL
## OF CLASS ACTION SETTLEMENT

COME NOW Plaintiffs, by and through their attorneys of record, and submit the following Suggestions in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement.

## I.    INTRODUCTION AND SUMMARY OF CLASS SETTLEMENT BENEFITS

Plaintiffs and Defendants have agreed to a class action settlement of this case which provides substantial relief to approximately 10,000 Class Members who have purchased Super S SuperTrac 303 Tractor Hydraulic Fluid ("SuperTrac 303") at Tractor Supply Company and other retail stores in the state of Missouri between May 25, 2013 and the present. The class action settlement is set forth in the Settlement Agreement and Release, including all exhibits thereto ("Settlement" or "Settlement Agreement") which was attached as Exhibit 1 to Plaintiffs' Unopposed Motion for Preliminary Approval of Proposed Class Action Settlement ("Motion").

Settlement of a class action requires judicial approval, which usually consists of three major steps: (1) preliminary approval of the settlement and conditional approval of the settlement

class; (2) dissemination of notice to the class; and (3) the holding of a formal fairness hearing to determine whether the settlement should be granted final approval as fair, reasonable and adequate.

In their Motion, Plaintiffs request this Court to enter the accompanying proposed order which:

(a)     grants preliminary approval of the Settlement;

(b)     conditionally certifies, for settlement purposes, the Class as defined in the Settlement Agreement and appoints the Named Plaintiffs as Class Representatives and Plaintiffs' attorneys as Class Counsel;

(c)     approves the Parties proposed form and method of giving Members of the Settlement Class notice of this action and the proposed settlement;

(d)     directs that notice be given to Members of the Settlement Class in the proposed form and manner;

(e)     sets deadlines and procedures for persons and/or entities that fall within the class definition to exclude themselves and for Members of the Settlement Class to comment on the proposed settlement; and

(f)     schedules a fairness hearing to determine whether the settlement should be granted final approval and whether Plaintiffs' counsel should be awarded attorneys' fees and expenses.

(*See* [Proposed] Preliminary Approval Order, Joint Motion <u>Exhibit 1-A</u>.)

As described in detail in the Settlement Agreement, the Settlement provides significant payments to the Class in a way that addresses the fundamental issues underlying this case. The First Amended Class Action Complaint in this case alleges that the SuperTrac 303 product was negligently and deceptively labeled, marketed and

2

manufactured and that use of such product could cause damage to tractors and other equipment. The Settlement provides for a Class Settlement Fund of $1,700,000.00, from which shall be paid (a) claims of Settlement Class Members, (b) all settlement administration and notice costs, (c) all incentive awards to Class Representatives as Ordered by the Court, and (d) all attorneys' fees and expenses of Class Counsel as Ordered by the Court. No amount of the Class Settlement Fund shall revert to Defendants.

The portion of the Class Settlement Fund to be distributed to Qualified Settlement Class Members has two components of relief:

a. <u>Automatic Relief:</u> 50% of this remaining portion of the Class Settlement Fund shall be used to provide each Qualified Settlement Class Member damages calculated as a percentage of the purchase price of his/her/its Super S Super Trac 303 Tractor Hydraulic Fluid purchases during the Class Period. The initial settlement distribution amount for each unit of Super Trac 303 is estimated to be an amount equal to 50% of that unit's estimated average sale price during the class period: $12 for each 5-gallon bucket purchased; $4 for each 1-gallon jug purchased; $6 for each 2-gallon jug purchased; and $90 for each 55-gallon drum purchased. If the total amount of valid claims for automatic relief exceeds the amount in this fund, awards will be decreased on a pro rata basis. Any unclaimed monies after payment of Qualified Settlement Class Members' automatic relief shall go into the Repair/Parts/Specific Damage Fund described in (b), below.

b. <u>Repairs/Parts/Specific Damage Claim Fund Relief:</u> 50% of this remaining portion of the Class Settlement Fund, plus any remaining monies after payment of Qualified Settlement Class Members' automatic relief as set forth in a. above, shall be used to pay claims submitted by Qualified Settlement Class Members for the costs of any equipment repairs, parts purchases, and/or specific damage to equipment that resulted from, in whole or in part, the use of Super Trac 303 during the class period. Such repairs, parts purchases, and/or equipment damage may relate to, without limitation, damage to seals, pumps, filters, gears, and clutch and brake systems, power take-off (PTO) systems and/or losses incurred as a result of equipment being damaged beyond reasonable repair which occurred as a result of damage and increased or excessive wear resulting from use of Super Trac 303.

3

Such increased wear and damage may include, without limitation, scratching, corrosive wear, rippling, ridging, pitting, spalling and scoring of the gears and metal components, seal damage, spiral gear damage, metal abrasion, corrosion, surface wear, clutch wear and breakage, wet brake damage, pump failure, leakage, and damage from deposits, sludging and thickening. Claims for such repair/parts/specific damage shall require submission of the Claim Form along with receipts or other paperwork (if available) related to losses, repairs and/or parts, and with the Qualified Settlement Class Member's statement, under penalty of perjury, that said equipment repairs, parts purchases and/or specific equipment damage or losses resulted from, in whole or in part, the use of Super Trac 303 during the class period. If the total amount of said losses, repairs and/or parts purchases submitted in valid claims by Qualified Settlement Class Members exceeds the amount in this fund, plus the amount of unclaimed a. funds, awards will be decreased on a pro rata basis. If monies are remaining in this Repairs/Part/Specific Damage Fund after all valid claims are paid, those remaining funds shall be added to the automatic relief distribution and shared pro rata by all Qualified Settlement Class Members based on the same automatic relief distribution formula set forth in a. above.

Under just the Part A Relief, the Class Settlement Fund is sufficient to provide each Settlement Class Member with an estimated automatic minimum payment in an amount calculated to be approximately 50% of the average purchase price for the units of SuperTrac 303 purchased by each such Settlement Class Member during the class period, with a possible pro rata increase for each such Settlement Class Member depending on the number of claims made and settlement checks cashed, as well as depending on the number and amount of claims made for the Part B Relief.

Through the Part B Relief, additional amounts can be awarded to Class Members whoo provide proof of repair costs and/or parts purchases necessitated by the use of the Super Tech 303 fluid in the equipment.

As noted, also paid out of the Class Settlement Fund are all settlement administration and notice costs, all incentive awards to Class Representatives as Ordered by the Court, and all attorneys' fees and expenses of Class Counsel as Ordered by the Court. Settlement administration

4

and notice costs are estimated to be 100,000.00. Incentive awards requested are $5,000.00 for each Class Representative for a total of $20,000.00. Class Counsel has also agreed to limit their request for reimbursement of expenses to $150,000 and for attorneys' fees to $511,500.00.

The Settlement clearly addresses Plaintiffs' litigation objectives and falls well within the range of appropriate outcomes so as to warrant final approval. Its terms should therefore be submitted to Class Members for their reaction, and a fairness hearing scheduled to determine whether the Settlement warrants final approval. Based on the Settlement Agreement, the accompanying documents, the Declaration of the Settlement Administrator attached to the Motion for Preliminary Approval, the Declaration of Lead Class Counsel attached hereto as Exhibit 1, the Notice Plan and Declaration of the Settlement Administrator attached hereto as Exhibits 2 and 3, and the following Suggestions, this Court should grant its preliminary approval, certify the Settlement Class for settlement purposes, approve the dissemination of notice, and set a final fairness hearing and related dates.

## II.     SUMMARY OF THE LITIGATION AND SETTLEMENT

### A.     Plaintiffs' Claims

Plaintiffs assert claims against Defendants in this action for alleged Missouri Merchandising Practices Act violations, breach of warranty, fraudulent and negligent misrepresentations, negligence, and unjust enrichment arising out of the purchase and use of Super SuperTrac 303 Tractor Hydraulic Fluid in Missouri since May 25, 2013. Plaintiffs assert such claims individually and on behalf of a putative class of Missouri purchasers defined as follows:

> All persons and other entities who purchased Super S SuperTrac 303 Tractor Hydraulic Fluid in Missouri at any point in time from May 25, 2013 to present, excluding those who purchased for resale. Also excluded from the Settlement Class are Defendants, including any parent, subsidiary, affiliate or controlled person of Defendants; Defendants' officers, directors, agents, employees and their immediate family members, as well as the judicial officers assigned to this litigation and members of their staffs and immediate families.

5

Plaintiffs allege, among other things, that the label for SuperTrac 303 was deceptive and misleading for the reasons set forth in the Revised First Amended Class Action Complaint and that use of SuperTrac 303 in equipment causes damage to various parts of the equipment, including damage to the spiral gear in the drive, excess wear, seal leakage, high pump leakage, and damage from deposits, sludging and thickening. Plaintiffs seek various categories of damages on behalf of themselves and the putative class of Missouri purchasers based on claims and purported harms alleged in the Revised First Amended Class Action Complaint, including: (i) Restitution/Return of Cost of Product; (ii) Benefit of the Bargain Damages; (iii) Cost of Common Remedial Measures; (iv) Other Repair and Parts Costs as Damages; (v) Punitive Damages; and (vi) Attorneys' Fees and Costs.

**B.    Litigation History**

On May 25, 2018, Plaintiffs Shawn Hornbeck and Monte Burgess initiated a class action lawsuit against Defendants in the Circuit Court of the State of Missouri, County of Cass, Case No. 18CA-CC00107.  On July 9, 2018, Defendants removed the above-referenced action to the United States District Court for the Western District of Missouri, Case 4:19-CV-00523-NKL.

Plaintiffs' Revised First Amended Class Action Complaint includes the following Counts:

- Count I – Missouri Merchandising Practices Act Violations
- Count II – Breach of Express Warranty
- Count III – Breach of Implied Warranty of Merchantability
- Count IV – Breach of Implied Warranty of Fitness for Particular Purpose
- Count V – Fraud/Misrepresentation
- Count VI – Negligent Misrepresentation
- Count VII – Unjust Enrichment
- Count VIII – Negligence

6

Extensive discovery has been conducted. Plaintiffs served on each Defendant First Interrogatories and First Requests for Production of Documents. Plaintiffs also served First Requests for Admissions, Second Interrogatories, and Second Requests for Production of Documents. Search terms were utilized for email discovery. All totaled, more than one million pages of documents were produced by Defendants, and eleven depositions were taken of Defendants' witnesses. Plaintiffs also retained and involved expert witnesses, and these witnesses provided preliminary expert reports. Plaintiffs filed their class certification motion and brief in June.

The Parties engaged in extensive and arm's length negotiations trying to resolve these issues and claims. On November 1, 2018, the Parties mediated the case with experienced mediator Phil Miller. The Parties, however, were unable to reach a resolution at that time. After extensive document and deposition discovery, the Parties resumed resolution discusses and had a second mediation on June 26, 2019, this time with experienced mediator Jerry Palmer. That mediation also did not result in a resolution, but the Parties were able to reach a resolution -- after further depositions were taken and Plaintiffs' class certification briefing was filed -- through continued discussions such that an agreement in principle was reached on July 18, 2019.

Although Plaintiffs believe they will prevail on class certification and at trial, Defendants continue to assert that they have violated no laws and that they have meritorious defenses to class certification and liability. In light of these positions and the risks of litigation for both sides, the Settlement provides substantial benefits to Class Members and represents a reasonable resolution of the claims on a Class-wide basis. Therefore, the Parties have agreed to resolve alleged violations of the Missouri Merchandising Practices Act and other related causes of action, through their proposed settlement.

C.     **The Proposed Settlement**

1.     *The Proposed Settlement Class*

Plaintiffs now seek preliminary approval of the Parties' proposed Class Action Settlement. The Settlement Class under the Parties' Settlement Agreement consists of the same class pled in Plaintiffs' Revised First Amended Class Action Complaint:

> "All persons and other entities who purchased Super S SuperTrac 303 Tractor Hydraulic Fluid in Missouri at any point in time from May 25, 2013 to present, excluding those who purchased for resale. Also excluded from the Settlement Class are Defendants, including any parent, subsidiary, affiliate or controlled person of Defendants; Defendants' officers, directors, agents, employees and their immediate family members, as well as the judicial officers assigned to this litigation and members of their staffs and immediate families."

To represent the Class for purposes of the Settlement, Plaintiffs propose the Court appoint the Plaintiffs identified as Representative Plaintiffs in the Settlement Agreement, and also appoint Plaintiffs' Counsel as Counsel for the Settlement Class.

2.     *Settlement Payments*

Under the Settlement, Defendants will establish a Class Settlement Fund of $1,700,000.00. In addition to funding settlement administration and notice, incentive awards, and Class Counsel's expenses and fees, the Class Settlement Fund should be sufficient to provide each Settlement Class Member with an estimated minimum payment in an amount calculated to be 50% of the average purchase price for the units of SuperTrac 303 purchased by each Settlement Class Member who submits a claim form, and to also provide a substantial additional fund for equipment repairs and/or parts purchases. The total settlement amount is intended to compensate each Settlement Class Member for any property damage, repairs, and/or remediation (such as flushing) necessary for the equipment that used the SuperTrac 303, as well as to provide each participating Settlement Class Member a partial return of the purchase price.

8

### 3. Notice and Administration Costs

The Class Settlement Fund also pays the reasonable costs, fees, and expenses of the Settlement Administrator in providing notice to the Settlement Class and administering the settlement. Those costs, fees, and expenses are estimated to be $100,000.00.

### 4. Named Plaintiffs' Incentive Awards and Attorneys' Fees

The Class Settlement Fund also pays whatever the Court awards in incentive awards for the Named Plaintiffs, in reimbursement of expenses to Class Counsel, and for an award of attorneys' fees to Class Counsel. Class Counsel anticipates seeking the following amounts from the Court: (a) a $5,000 incentive award to each of the four Named Plaintiffs, (b) $150,000.00 in reimbursement of case expenses, and (b) a 33% contingency fee to Class Counsel of $511,500.00.

## III. ARGUMENT

### A. The Class Action Settlement Approval Process

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, a class action may not be dismissed, compromised or settled without court approval. In considering granting its approval, the court is to consider that the law favors settlement, especially in class action cases and other complex matters where significant resources can be conserved by avoiding the time, costs, and rigor of prolonged litigation. *Little Rock School Dist. v. Pulaski County Special School Dist.*, 921 F.2d 1371 (8th Cir. 1990). "[S]ettlement agreements are presumptively valid. *Id.* at 1391. The standard for review is for abuse of discretion. *Id.* In reviewing decisions approving such settlements, the appellate courts simply ask "whether the District Court considered all relevant factors, whether it was significantly influenced by an irrelevant factor, and whether in weighing the factors it committed a clear error of judgment." *Id.*

"In approving a class settlement, the district court is to 'consider whether it is fair, reasonable, and adequate.'" *Pollard v. Remington Arms Co., LLC*, 896 F.3d 900, 907 (9th Cir.

2018)(quoting *Prof'l Firefighters Ass'n of Omaha, Local 385 v. Zalewski*, 678 F.3d 640, 648 (8th Cir. 2012) and *DeBoer v. Mellon Mortg. Co.*, 64 F.3d 1171, 1176 (8th Cir. 1995)). "'Great weight is accorded [the district court's] views because [the judge] is exposed to the litigants, and their strategies, positions and proofs. [The judge] is aware of the expense and possible legal bars to success. Simply stated, [the judge] is on the firing line and can evaluate the action accordingly.'" *Id.* (quoting *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 123 (8th Cir. 1975) and *Ace Heating & Plumbing Co. v. Crane Co.*, 453 F.2d 30, 34 (3d Cir. 1971)). The Eighth Circuit has noted, "We will set aside a judicially approved class action settlement 'only upon a clear showing that the district court abused its discretion.'" *Id.*

The first step in the approval process is for the Court to make a preliminary fairness decision. "Preliminary approval does not require the court to decide the ultimate question whether a proposed settlement is fair, reasonable, and adequate. At this stage, the issue is whether the proposed settlement falls within the range of fairness so that notice of the proposed settlement should be given to class members and a hearing scheduled to consider final approval." *Komoroski v. Utility Services Partners Private Label, Inc.*, Case No. 4:16-CV-00294-DGK, 2017 Westlaw 3261030 at *1 (July 31, 2017 W.D. Mo.).

At the preliminary approval stage, the Court should make a preliminary evaluation of the proposed terms. If that evaluation does not disclose grounds to doubt its fairness or other obvious deficiencies, such as unduly preferential treatment of class representatives or segments of the class, or excessive compensation for attorneys, and if it appears to fall within the range of possible approval" the settlement should be given preliminary approval. If the Court finds preliminary approval is warranted, the Court should direct that notice be provided to the class members and hold a formal fairness hearing where formal arguments can be made both in support of and in

opposition to the settlement if class members so choose. *See* Manual for Complex Litigation, Fourth, § 21.632.

At the preliminary approval stage, the Court does not make a final decision on the merits of the proposed settlement; rather it merely evaluates whether (i) the Settlement Agreement was negotiated at arms' length, (ii) there has been sufficient investigation and discovery to enable counsel and the Court to act intelligently and (iii) there are any obvious deficiencies in the Settlement Agreement. *See*, NEWBERG ON CLASS ACTIONS, § 11.25.

Preliminary approval is appropriate under the new provisions of Federal Rule 23 in that the monetary relief and other appropriate terms of this Class Settlement Agreement are such that "giving notice is justified by the Parties' showing that the Court will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." This Court should determine that it "will likely be able to approve" this Class Settlement Agreement pursuant to Rule 23(e)(2) in that:

> (A) the class representatives and class counsel have adequately represented the class;
>
> (B) the proposal was negotiated at arm's length;
>
> (C) the relief provided for the class is adequate, taking into account:
>
>> (i) the costs, risks, and delay of trial and appeal
>>
>> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>>
>> (iii) the terms of any proposed award of attorney's fees, including the timing of payment; and

(iv)     any agreement required to be identified under Rule 23(e)(3); and,

(D) the proposal treats class members equitably relative to each other.

With further regard to (c)(iii), the Settlement Agreement provides that Class Counsel will submit their request

for a fee award amount to be awarded by the Court, up to the 33% cap, and that whatever fees are awarded by

the Court would be paid from the Class Settlement Fund.  With further regard to (c)(iv), there are no agreements

other than the Class Settlement Agreement being presented to this Court for approval.

This Court's review for preliminary approval should also include consideration of whether it appears the settlement class can meet the requirements of Rule 23(a) and (b)(3).  The Court should conduct such review bearing in mind that it is only considering whether there is probable cause to believe that the class can be certified for purposes of settlement and that it is not making a determination as to whether the case could be maintained as a class action if the settlement fell through and litigation were required, nor is it making a final determination of certification for purposes of settlement.  A final fairness hearing is the mechanism by which the Court finally evaluates the Parties' settlement in light of the strong judicial and societal policy favoring settlements.

The Court should also consider Defendants' view of Plaintiffs' case and the probability of success on class certification and the merits.  "An integral part of the strength of a case on the merits is a consideration of the various risks and costs that accompany continuation of the litigation." *Donovan v. Estate of Fitzsimmons*, 778 F.2d 298, 309 (7th Cir. 1985).  While Plaintiffs believe that they would have prevailed on the issues of class certification and liability in this matter, Plaintiffs nevertheless recognize there is risk and uncertainty in litigation.   Further,

12

Defendants' counsel and Defendants were confident that they had viable defenses to class certification and to liability. There was also the possibility of appeals even if the Plaintiffs' case was certified as a class action and then successful at trial. Thus, even if Plaintiffs were successful at class certification, trial, and appeal, it could be years before the Class Members received any benefits. In light of all of the considerations, the settlement benefits are fair and reasonable because each Class Member will be entitled to receive substantial monetary benefits.

### B. Preliminary Approval of The Settlement is Appropriate

#### 1. *Adequate Investigation and Discovery was Conducted*

Class Counsel conducted adequate discovery and performed a sufficient investigation into the underlying basis of the claims in order to make an intelligent evaluation of the possible outcome of the litigation and the settlement terms. Months of extensive document and deposition discovery have been conducted in this case. Initially, Class Counsel obtained necessary factual information pursuant to informal discovery and Freedom of Information Act requests, including test results and other information from the Missouri Department of Agriculture. Class counsel also consulted with experts in the tractor hydraulic fluid field. Class Counsel also performed extensive research and analysis of the legal principles applicable to the claims against Defendants and class certification of those claims, as well as to the potential defenses to those claims and certification. Over one million pages of documents and emails were ultimately produced by Defendants. Numerous depositions were also taken of key management officials of Defendants. Settlement was reached in this case only after extensive discovery and with adequate information. Plaintiffs' Counsel performed all necessary work to prosecute and evaluate the case prior to reaching a settlement with Defendants. There should be no question that Plaintiffs had sufficient information when settlement was reached.

### 2. The Settlement Resulted from Arms' Length Negotiation

The Settlement Agreement before the Court is the product of intensive, arm's-length negotiations. The negotiations included two formal mediations with experienced mediators Phil Miller and Jerry Palmer. The negotiations were informed by the informal discovery, formal discovery, class certification briefing filed by Plaintiffs, and other investigation and preparation undertaken by the Parties to that point. Negotiations were conducted by Plaintiffs' counsel highly experienced in pursuing and resolving complex litigation and class action matters and Defendants' counsel similarly experienced in defending such cases. Accordingly, the settlement is entitled to a preliminary presumption of fairness. *See, e.g.*, *In re BankAmerica Corp. Securities Litig.*, 210 F.R.D. 694, 700 (E.D. Mo. 2002)("In evaluating the settlement, the Court should keep in mind the unique ability of class and defense counsel to assess the potential risks and reward of litigation; a presumption of fairness, adequacy and reasonableness may attach to a class settlement reached in arms-length negotiations between experienced, capable counsel after meaningful discovery."); *In re Austrian & German Bank Holocaust Litig.*, 80 F.Supp. 2d 164, 173-74 (S.D.N.Y. 2000)("If the Court finds that the Settlement is the product of arm's length negotiations conducted by counsel knowledgeable in complete class litigation, the settlement will enjoy a presumption of fairness. Once the settlement is presumed fair, it is not for the court to substitute its judgment as to a proper settlement for that of such competent counsel . . . .").

### 3. The Proposed Settlement Provides Substantial Monetary Benefits to Class Members and Is Within the Range of Possible Approval

The Settlement provides substantial monetary relief to Class Members and directly addresses the fundamental issues underlying the litigation. In terms of monetary relief, the Class Settlement Fund will provide each Class Member an estimated amount of 50 percent of the average purchase price for the units of Super Trac 303 purchased by each such Settlement Class Member

14

during the Class Period. If there is any amount remaining in the Class Settlement Fund after calculating the participating Settlement Class Members' distribution amounts, then those remainder monies are added to the initial fund for equipment repair costs, parts purchases, and/or specific equipment damage caused by use of the Super Trac 303. Such repairs and/or parts purchases may include, without limitation, repairs, parts and equipment required to remedy damage to seals, pumps, filters, gears, and clutch and brake systems as a result of damage and increased or excessive wear resulting from use of Super Trac 303. Such increased wear and damage may include, without limitation, scratching, corrosive wear, rippling, ridging, pitting, spalling and scoring of the gears and metal components, seal damage, spiral gear damage, metal abrasion, corrosion, surface wear, clutch wear and breakage, wet brake damage, pump failure, leakage, and damage from deposits, sludging and thickening.

If there remain any monies after repair, parts, and/or specific damage awards to all Class Members who apply, then each Settlement Class Member will receive a pro rata increase of his, her, or its distribution based on the number of units of Super Trac 303 purchased by such Settlement Class Member during the Class Period.

If there is any amount remaining in the Class Settlement Fund after calculating each qualifying Settlement Class Member's pro rata increase and/or if there are any unclaimed awards, the Settlement Administrator shall pay that amount to *cy pres* recipient, Legal Aid of Western Missouri, 4001 Blue Parkway, Suite 300, Kansas City, Missouri 64130, or if not approved by the Court, to one or more *cy pres* recipients agreed upon by the Parties and approved by the Court.

Despite substantial obstacles to obtaining class-wide relief, this Settlement in fact provides this immediate and substantial monetary relief. The class-wide financial relief is a significant victory for Settlement Class Members given the uncertainty whether Plaintiffs would have

prevailed on class certification, at trial, and on appeal. Although Plaintiffs believed they have been able to make sufficient showings at class certification and would also have been able to do so at trial and on appeal, Defendants intended to vigorously contest this matter, including at class certification, summary judgment, trial, and on appeal of any appealable rulings in favor of Plaintiffs. Accordingly, if the claims asserted in the action were not settled by voluntary agreement among the parties, future proceedings (including appeals) would be protracted and expensive, involve highly complex legal and factual issues relating to, among other things, class certification, liability, and damages, and would involve substantial uncertainties, delays, and other risks inherent in litigation. In light of these positions and the risks of litigation for both sides, the Settlement provides substantial benefits to Settlement Class Members and represents a reasonable resolution of the claims on a class-wide basis.

When these risks, as well as the uncertainties and risks inherent in any litigation, are balanced against the benefits provided by the Settlement – here cash payments and other benefits to Settlement Class Members – Plaintiffs submit that the Settlement easily falls within the range of possible final approval.

Next, there is no unduly preferential treatment of segments of the Class. The automatic relief distribution amount for each Settlement Class Members is calculated pursuant to the established, uniform standard—i.e., $24 for each 5-gallon bucket of Super Trac 303 Tractor Hydraulic Fluid purchased by each such Settlement Class Member during the Class Period, plus the option to apply for greater relief from the Repairs/Parts/Specific Equipment Damage portion of the Class Settlement Fund, as well as a pro rata increase from certain remaining amounts, if any.

Finally, the law favors settlement, especially in class actions and other complex cases. By their very nature, "[c]lass actions, in general, place an enormous burden of costs and expense upon

parties." *Marshall v. National Football League,* 787 F.3d 502, 512 (8th Cir. 2015) (internal

quotations and citation omitted); *see also In re Uponor, Inc.*, 716 F.3d at 1063 (same). And in

complex cases such as this one, "the enormity of the burden is obvious." *Marshall*, 787 F.3d at

512. Here, the Class Members receive real value in exchange for the release of their claims. In

addition, approval of the Settlement will avoid significant litigation costs that likely would have

been incurred in hard-fought, complicated, and expensive litigation likely requiring years to

complete. In addition to preserving both parties' expenditure of fees and costs, the Settlement

preserves the judicial resources of this Court.

4.      *Defendants Receive a Reasonable Release of Liability*

In return for the consideration to be provided under the Settlement, Defendants receive a

reasonable release of liability related to the manufacture and sale to Settlement Class Members in

Missouri of Super S Super Trac 303 Tractor Hydraulic Fluid. Paragraph 36 of the Settlement

Agreement specifically provides as follows:

> Plaintiffs, individually, on behalf of the members of the Settlement Class, and on
> behalf of Plaintiffs' respective partners, agents, representatives, heirs, executors,
> personal representatives, successors, and assigns (the "Releasing Parties"), hereby
> release and forever discharge Defendants, together with their respective past,
> present, and future officers, employers, agents, representatives, distributors,
> downstream retail customers and/or resellers, attorneys, accountants, insurers,
> predecessors, successors, assigns, legal representatives, parent companies,
> subsidiaries and affiliates from any and all claims, causes of action, suits,
> obligations, debts, demands, agreements, promises, liabilities, damages, losses,
> controversies, costs, expenses, and attorneys' fees of any nature whatsoever, that
> are asserted, or could have been asserted in this case, arising out of or relating to
> the purchase of Super Trac 303 Tractor Hydraulic Fluid in Missouri during the class
> period. As of the Effective Date, the Releasing Parties shall be deemed to have,
> and by operation of the Final Order and Judgment shall have, fully, finally and
> forever released, relinquished, and discharged all Released Claims against the
> Released Parties pursuant to the terms of this Settlement Agreement. That Parties
> also agree that other retailers who cooperate in providing Settlement Class Member
> purchaser and purchase information shall be specifically named as Released Parties
> in the proposed Final Approval Order.

As noted, this release is not overly broad and only releases Settlement Class Members' claims related to the purchase of Super Trac 303 in Missouri.

     5.  *Plaintiffs' Counsel and the Class Representatives Support the Settlement*

    Through their informal investigation, the substantial document production and review in this litigation, the depositions taken in this case, consultation with the Class Representatives, as well as through their consultations with experts, Plaintiffs' counsel have gained a comprehensive knowledge of the facts relating to the respective claims and defenses and have sufficient evidence on which to base an intelligent assessment of the settlement proposal. Based on their knowledge of the case and the applicable law, as well as their experience in similar complex litigation and class actions, Plaintiffs' counsel believe the settlement is fair, reasonable and adequate. The Named Plaintiffs in this action have also approved the settlement.

     6.  *The Requirements of Fed. R. Civ. P. 23(a) and (b)(3) are Satisfied for Settlement Purposes.*

    This Court's review for preliminary approval also considers whether the requirements of Rule 23(a) and (b)(3) are satisfied for purposes of certifying the Settlement Class and administering the settlement. The Settlement Class satisfies these requirements for settlement purposes. There are approximately 10,000 members of the proposed Settlement Class. The claims of those persons arise from the purchase and use of Super Trac 303 in Missouri during the five-year class period. The four named Plaintiffs bought and used Super Trac 303 within those parameters. They are members of the Settlement Class asserting claims typical of Settlement Class Members, and they do not have interests that are contrary to, or in conflict with, interest of the Settlement Class Members for purposes of settlement. The named Plaintiffs have also retained experienced counsel and will protect fully and adequately the interests of the Settlement Class members in the settlement.

### 7. *The Proposed Method and Content of Class Notice are Appropriate*

Due process and Rule 23 require that the court "direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). Similarly, Rule 23(e)(1) calls for notice to be provided in a "reasonable manner to all class members who would be bound by the proposal[.]" Fed. R. Civ. P. 23(e)(1)(B). The notice must contain specific information in plain, easily understood language, including the nature of the action and the rights of class members. Fed. R. Civ. P. 23(c)(2)(B)(i)-(vii).

To ensure that the notice satisfies the requirements of due process and Rule 23 in both form and content, the Parties have worked closely with RG/2 Claims Administration, LLC ("RG/2"), which specializes and has substantial experience in providing notice and administrative services in class-action litigation, to develop a comprehensive and substantial notice plan. The Parties propose that the Court appoint RG/2 to serve as the Settlement Administrator. The notice plan developed by the Parties and RG/2 is comprised of several parts.

<u>First</u>, direct-mail and email notice of the Settlement will be provided to the Settlement Class Members for whom Defendants and other retailers have name and contact information. To accomplish this, Defendants and other retailers will provide the Settlement Administrator, to the extent available, the name and last known mailing and emailing address of each member of the Settlement Class. The Settlement Administrator will, where possible, complete the name and address information for any Settlement Class Member whose information is incomplete. The Settlement Administrator will then mail by bulk mailing the Long Form Class Notice in substantially the form filed herewith as <u>Exhibit 1-D</u> to the Joint Motion to the last known mailing address of each member of the Settlement Class for whom such information is available. The Long Form Class Notice will be accompanied by a Claim Form substantially in the form filed herewith

19

as <u>Exhibit 1-C</u> to the Joint Motion. Email notification will also be sent to those Class Members for whom email addresses are provided to the Settlement Administrator.

Second, publication notice of the Settlement will be provided to the remainder of the Settlement Class for whom the Settlement Administrator is unable to reasonably ascertain name and address information. To accomplish this publication notice to this segment of the Settlement Class, the Settlement Administrator shall cause the Summary Class Notice in substantially the form submitted herewith as <u>Exhibit 1-E</u> to the Joint Motion to be published in the following publications, comprised of 11 major Missouri newspapers situated throughout the state and a trade publication specifically targeting persons likely to purchase and use tractor hydraulic fluid:

- Missouri Farmer Today
- Springfield News Leader
- Kansas City Star
- St. Louis Post-Dispatch
- Columbia Daily Tribune
- Jefferson City News Tribune
- St. Joseph News-Press
- Daily American Republic
- Southeastern Missourian
- The Examiner
- Joplin Globe
- Hannibal Courier-Post

Additional notice may be published in other newspapers near retailers where the Super Trac 303 produce was sold. Radio air time in select locations may also be utilized to provide notice. Notice

will also be placed in Tractor Supply Company stores where the Super Trac 303 product was sold. More detail regarding the content of these notices is set forth on Exhibit 2 to Plaintiffs' Motion.

Third, electronic notice of the Settlement will be provided through targeted Facebook advertising, general email, and press releases.

Fourth, electronic information regarding the Settlement will be provided through a dedicated, interactive settlement website. To accomplish this notice, the Settlement Administrator will create and maintain an operating website that: (i) contains downloadable copies of the Preliminary Approval Order, Long Form Class Notice, the Settlement Agreement, Claim Form, Repair/Parts Fund Claim Review Process, and, when filed, Class Counsels' motions for an attorneys' fees, costs, and for incentive awards for the Class Representatives; (ii) will post any subsequent notices agreed upon by the Parties; and (iii) allows members of the Settlement Class to submit claims.

As set forth in more detail in the Declaration of RG/2, filed with the Parties' Joint Motion as Exhibit 3, the comprehensive proposed notice plan is calculated to reach a substantial number of the Settlement Class Members, and provides the best notice practicable under the circumstances, thus satisfying the requirements of the Due Process Clause of the United States Constitution and Fed. R. Civ. P. 23.

The content of the proposed notices also satisfies Rule 23's requirement. The Long Form Class Notice, submitted herewith as Exhibit 1-D to the Joint Motion, plainly describes the proposed Settlement Class, explains the material terms of the settlement agreement (including the benefits it provides to the Class), discloses Plaintiffs' counsel's application for attorneys' fees, gives notice of the time and place of the final approval hearing, and sets forth procedures and deadlines for opting out of the Settlement Class and submitting comments and objections. The

Long Form Class Notice also fulfills the requirement of neutrality in class notices. It summarizes the proceedings to date, and makes clear that the settlement does not constitute an admission of liability by Defendants and that the Court has not ruled on the merits of the action. Accordingly, the Long Form Class Notice displays the fairness, completeness, and neutrality required of a class-action settlement notice.

The Summary Class Notice, submitted herewith as <u>Exhibit 1-E</u> to the Joint Motion, likewise satisfies Rule 23's requirements. The Summary Class Notice describes the litigation and settlement fairly and neutrally. It refers Class Members to the Long Form Class Notice, available on the settlement website or in print if requested, for a more complete description of these matters, tells them how they can obtain copies of that notice, and provides a toll-free number to call and a website to visit to obtain more information. The Summary Class Notice will more than adequately provide the Class with the material information regarding the Settlement and their rights pertaining to it.

8. *The Distribution and Claims Process is Appropriate.*

The agreed process for distributing, and processing claims on, the Class Settlement Fund is reasonable, appropriate, and provides substantial benefits directly to Settlement Class Members.

Each such Settlement Class Member will be able to review the Long Form Notice and submit a Claim Form in order to receive a monetary award based on the Class Member's purchase history as well as seek an additional award from the repair/parts fund. The claim forms are to be submitted in substantially the form as <u>Exhibit 1-C</u> to the Joint Motion, and they can be submitted to the Settlement Administrator via United States mail, fax, e-mail, or through the settlement website.

## IV.    CONCLUSION

Based on the above and foregoing, Plaintiffs respectfully ask that the Court grant preliminary approval of the proposed settlement and enter the proposed preliminary approval order.

Date:  August 9, 2019                                   Respectfully Submitted,

                                                        HORN AYLWARD & BANDY, LLC

                                                        BY:  /s/ Thomas V. Bender
                                                             Thomas V. Bender, MO Bar #28099
                                                             Dirk Hubbard, MO Bar #37936
                                                             2600 Grand, Ste. 1100
                                                             Kansas City, MO 64108
                                                             (816) 421-0700
                                                             (816) 421-0899 (Fax)
                                                             tbender@hab-law.com
                                                        dhubbard@hab-law.com

                                                        WHITE, GRAHAM, BUCKLEY,
                                                        & CARR, L.L.C

                                                        BY:  /s/ Gene P. Graham, Jr.
                                                             Gene P. Graham, Jr. MO 34950
                                                             Bryan T. White MO 58805
                                                             19049 East Valley View Parkway
                                                             Independence, Missouri 64055
                                                             (816) 373-9080
                                                             Fax: (816) 373-9319
                                                             ggraham@wagblaw.com
                                                             bwhite@wagblaw.com

                                                        CLAYTON JONES, ATTORNEY AT LAW

                                                        BY:  /s/ Clayton A. Jones
                                                             Clayton Jones MO 51802
                                                             405 Foxwood Dr.
                                                             Raymore, MO 64083
                                                             Office: (816) 318-4266
                                                             Fax: (816) 318-4267
                                                             claytonjoneslaw.com
                                                        **ATTORNEYS FOR PLAINTIFFS**
                                                        **AND CLASS MEMBERS**

23

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that this document was filed electronically with the United States District Court for the Western District of Missouri, with notice of case activity to be generated and sent electronically by the Clerk of the Court to all designated persons this 9th day of August, 2019.

*/s/ Dirk Hubbard*