IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

SHAWN HORNBECK, et al. )
    each on behalf of himself and others )
    similarly situated, )
    )
                   Plaintiffs, )
    )
v. ) Case No. 4:18-CV-00523--NKL
    )
TRACTOR SUPPLY COMPANY, and )
SMITTY'S SUPPLY, INC., )
    )
                   Defendants. )

**PLAINTIFFS' SUGGESTIONS IN SUPPORT OF**
**PRELIMINARY APPROVAL**
**OF CLASS ACTION SETTLEMENT**

# Exhibit 1

1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| SHAWN HORNBECK, et al.<br>    each on behalf of himself and others<br>    similarly situated,<br><br>                      Plaintiffs,<br><br>v.<br><br>TRACTOR SUPPLY COMPANY, and<br>SMITTY'S SUPPLY, INC.,<br><br>                      Defendants. | Case No. 4:18-CV-00523--NKL |

## DECLARATION OF THOMAS V. BENDER
## IN SUPPORT OF APPROVAL
## OF CLASS ACTION SETTLEMENT AGREEMENT

I, Thomas V. Bender, declare as follows:

1. I am an attorney licensed to practice in the state of Missouri and in the United States District Court for the Western District of Missouri.

2. I am lead counsel in the above-captioned litigation, and I make this Declaration in support of the Plaintiffs' Unopposed Motion for Preliminary Approval of Proposed Class Action Settlement. I have actively participated in all aspects of this litigation, including negotiation of the Settlement Agreement and Release ("Settlement" or "Settlement Agreement") which was attached as Exhibit 1 to Plaintiffs' Unopposed Motion for Preliminary Approval of Proposed Class Action Settlement.

3. In May of 2018, consumers Shawn Hornbeck and Monte Burgess filed their case in Cass County Circuit Court for alleged Missouri Merchandising Practices Act violations, breach of warranty, fraudulent and negligent misrepresentations, negligence, and unjust enrichment. Mr.

Case 4:18-cv-00523-NKL   Document 120-1   Filed 08/09/19   Page 2 of 9

Hornbeck and Mr. Burgess asserted such claims individually and purportedly on behalf of a putative class of Missouri purchasers defined as follows:

> All persons and other entities who purchased Super S SuperTrac 303 Tractor Hydraulic Fluid in Missouri at any point in time from May 25, 2013 to present, excluding those who purchased for resale. Also excluded from the Settlement Class are Defendants, including any parent, subsidiary, affiliate or controlled person of Defendants; Defendants' officers, directors, agents, employees and their immediate family members, as well as the judicial officers assigned to this litigation and members of their staffs and immediate families.

4.  Defendants thereafter removed the Cass County Circuit Court action to the United States District Court for the Western District of Missouri.

5.  In their First Amended Class Action Complaint, Plaintiffs alleged, among other things, that the label for Super S Super Trac 303 Tractor Hydraulic Fluid ("Super Trac 303") was deceptive and misleading in claiming to meet John Deere 303 and other OEM specifications, in failing to adequately warn that use of this product would not be suitable for most, if not all, tractors and equipment, and in failing to warn that use of Super Trac 303 in equipment could cause damage to various parts of the equipment.

6.  Plaintiffs' counsel is not aware of any other litigation, class or otherwise, past or present, relating to the Super S Super Trac 303 Tractor Hydraulic Fluid purchased in Missouri. There are no competing class actions and no known individual lawsuits in Missouri relating to this product or these issues.

7.  From the inception of this litigation, Plaintiffs' counsel has aggressively prosecuted this case and vigorously represented the best interests of the Plaintiffs and putative Class. The case was prosecuted by attorneys and staff from three Kansas City area Law Firms: Tom Bender and Dirk Hubbard of Horn, Aylward & Band, LLC; Gene Graham, Bill Carr, and Bryan White from White, Graham, Buckley & Carr, LLC; and Clayton Jones of Clayton Jones Law. Pursuit of

2

this case has included investigating the facts, performing legal research, reviewing and analyzing documents, assembling and drafting pleadings, propounding discovery, reviewing documents, taking depositions, working with experts, and communicating with counsel for Defendants.

8. Discovery and investigations have included requesting and reviewing information from the Missouri Department of Agriculture; exchange of information between the parties; meeting and conferences with Class Representatives; review of more than one million pages of documents produced by Defendants, taking depositions of key management officials of Defendants, meeting and conferences with representatives of Defendants; and retention and consultation with experts.

9. The Parties engaged in numerous discussions and serious settlement negotiations. The Parties initially engaged in extensive and arm's length negotiations trying to resolve these issues and claims.

10. After reaching an agreement on key terms for the benefit of the Class, the Parties negotiated extensively to complete the full Settlement Agreement and the details of proposed implementation of the Settlement. The Parties continued to negotiate and exchange information regarding settlement details.

11. Plaintiffs and Defendants have thus agreed to the terms of a Class Action Settlement of this case which provides substantial relief to approximately 10,000 Class Members who have purchased Super Trac 303 in the state of Missouri between May 25, 2013 and the present.

12. As described in detail in the Settlement Agreement, the Settlement provides significant payments to the Class Members in a way that addresses the fundamental issues underlying this case. The Settlement provides for a Class Settlement Fund of $1,700,000.00. Through the Part A Relief, the Class Settlement Fund is sufficient to provide each Settlement Class Member with an

3

estimated minimum payment of $12 for each 5-gallon bucket of Super Trac 303 purchased during the Class Period, an amount calculated to be approximately 50% of the average purchase price. Through the Part B Relief, additional amounts can be awarded to Class Members who provide proof of repair costs and/or parts purchases caused by the use of the Super Trac 303 fluid in the equipment.

13. The Class Settlement Fund also funds payment of Class Counsels' Court-awarded attorneys' fees and expenses, as well as the incentive awards to the Class Representatives and the costs of Settlement Administration.

14. Throughout this litigation and the mediation and negotiation efforts, and in advising our clients of the proposed Settlement, Plaintiffs' counsel have at all times considered the fairness, reasonableness and adequacy of the Settlement for the Class, taking into account: the strength of Plaintiffs' case; views and experience of the Class Representatives; the risk, expense, complexity and likely duration of further litigation and of seeking class action status; the amount offered in settlement and the experience and views of Plaintiffs' counsel. With all of Plaintiffs' counsel's collective experience in prosecuting complex class actions, we have considered the claims set forth in the Class Action Petition and our continued confidence in the merit of those claims, the scope of relief offered in the settlement compared to the potential relief at the conclusion of the litigation, and the risks and costs of continued litigation. Taking these factors into account, it is my opinion that the proposed Class Action Settlement is fair, reasonable and adequate, well within the range of possible approval, and therefore deserving of the Court's preliminary approval.

15. Preliminary approval is appropriate under the new provisions of Federal Rule 23 in that the monetary relief and other appropriate terms of this Class Settlement Agreement are such that "giving notice is justified by the parties' showing that the court will likely be able to: (i)

4

approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." Based upon the factor listed below, we believe this Court should determine that it "will likely be able to approve" this Class Settlement Agreement pursuant to Rule 23(e)(2) in that:

- (A) the putative class representatives and class counsel have adequately represented the class;
- (B) the proposal was negotiated at arm's length;
- (C) the relief provided for the class is adequate, taking into account:
    - (i) the costs, risks, and delay of trial and appeal;
    - (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
    - (iii) the terms of any proposed award of attorney's fees, including the timing of payment; and
    - (iv) any agreement required to be identified under Rule 23(e)(3); and,
- (D) the proposal treats class members equitably relative to each other.

With further regard to (c)(iii), the Settlement Agreement provides that Class Counsel will submit their request for a fee award amount to be awarded by the Court, up to the 33% cap, and that whatever fees are awarded by the Court would be paid from the Class Settlement Fund. With further regard to (c)(iv), there are no agreements other than the Class Settlement Agreement being presented to this Court for approval.

16. The Parties have selected RG/2 Claims Administration, LLC ("RG/2"), a qualified and reputable third-party administrator, to issue Notice to Class Members, receive exclusion requests, process claims, respond to inquiries, issue settlement checks to Class Members, and conduct other activities relating to class notice and administration.

17. RG/2 has developed a comprehensive and substantial notice plan comprised of three parts. First, direct-mail notice of the Settlement will be provided to those Class Members for whom name and contact information is available. These Class Members will receive the Long Form Class Notice accompanied by a Claim Form. Emails will also be sent to Class Members for whom email addresses are available. Facebook and other email notice will also be provided, as well as press releases and in-store notification at Tractor Supply Company store locations in Missouri.

18. In addition to the direct mailed notice, publication notice of the Settlement will be provided to the majority of the Settlement Class. To accomplish publication notice, the Settlement Administrator shall cause the Summary Class Notice to be published in the following publications, comprised of 11 major Missouri newspapers situated throughout the state and a trade publication specifically targeting persons likely to purchase and use tractor hydraulic fluid:

    a. Missouri Farmer Today
    b. Springfield News Leader
    c. Kansas City Star
    d. St. Louis Post-Dispatch
    e. Columbia Daily Tribune
    f. Jefferson City News Tribune
    g. St. Joseph News-Press
    h. Daily American Republic
    i. Southeastern Missourian
    j. The Examiner
    k. Joplin Globe
    l. Hannibal Courier-Post

19.     Electronic notice of the Settlement will be provided through a dedicated, interactive settlement website as well as target Facebook advertising and email notices.  To accomplish this electronic notice, the Settlement Administrator will create and maintain an operating website that: (i) contains downloadable copies of the Preliminary Approval Order, Long Form Class Notice, the Settlement Agreement, Claim Form, Repairs/Parts Fund Claim Review Process, and, when filed, Class Counsels' motions for an attorneys' fee award and for incentive awards for the Class Representatives; (ii) will post any subsequent notices agreed upon by the Parties; and (iii) allows members of the Settlement Class to submit claims.

20.     As set forth in more detail in the Notice Plan and the Declaration of RG/2, filed as Exhibits 2 and 3 to Plaintiffs' Unopposed Motion for Preliminary Approval of Class Settlement, the comprehensive proposed notice plan is calculated to reach a substantial number of the Settlement Class Members and provides the best notice practicable under the circumstances, thus satisfying the requirements of the Due Process Clause of the United States Constitution and Fed. R. Civ. P. 23.  The content of the proposed notices also satisfies the new provisions of Rule 23 in that this Class Settlement provide the most appropriate content and format of notice for these circumstances.

21.     The Class Representatives have expended time and effort in prosecuting this case on behalf of the Class of Missouri purchasers of Super S Super Trac 303 Tractor Hydraulic Fluid. Pursuant to the Settlement Agreement, Plaintiffs' counsel will separately apply for incentive awards for the Named Plaintiffs in the amount of $5,000 each.  This amount is appropriate based on the time, effort and impact of each Class Representative in achieving this Settlement for thousands of Class Members.

22.     Plaintiffs' counsel have diligently investigated and prosecuted this matter, dedicating substantial time, effort, resources, and expertise to the investigation and prosecution of the claims at issue in the action, and have successfully negotiated the Settlement of this matter to benefit the Class.  Class Counsel has also agreed to limit their request for reimbursement of expenses to $150,000.00 and for attorneys' fees to $511,500.00.

23.     Having reached full agreement on the terms and conditions of a Class Action Settlement, the Class Representatives and Plaintiffs' Counsel seek the Court's preliminary approval.  As noted herein, such preliminary approval is appropriate as there is a solid record supporting that the proposed settlement will likely earn final approval.

24.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed on August 9, 2019

    /s/ *Thomas V. Bender*
Thomas V. Bender