IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| Shawn HORNBECK, *et al.*, | ) | |
| | ) | |
| each on behalf of himself and others similarly situated, | ) ) | |
| | ) | |
| Plaintiffs, | ) ) | |
| v. | ) | Case No. 4:18-cv-00523-NKL |
| | ) | |
| TRACTOR SUPPLY COMPANY, *et al.*, | ) ) | |
| Defendants. | ) | |

## PRELIMINARY APPROVAL ORDER

Upon review and consideration of the Motion for Preliminary Approval of the Class Action Settlement, Doc. 119, and the Settlement Agreement and Release with accompanying exhibits, Doc. 119-1; Doc. 119-2; Doc. 119-3, all of which have been filed with the Court, it is HEREBY ORDERED as follows:

1. The Court has carefully reviewed the Settlement Agreement and Release, as well as the files, records, and proceedings to date in the above-captioned action (the "Action"). The definitions in the Settlement Agreement and Release are hereby incorporated as though fully set forth in this Order, and capitalized terms shall have the meanings attributed to them in the Settlement Agreement and Release.

2. The Parties have agreed to settle the Action upon the terms and conditions set forth in the Settlement Agreement and Release, which has been filed with the Court. Doc. 119-1. The Settlement Agreement and Release, including all exhibits thereto, is preliminarily approved as fair, reasonable, and adequate.

3. Plaintiffs Shawn Hornbeck, Monte Burgess, Dan Chevalier, and Russ Mapes ("Plaintiffs"), by and through their counsel, have investigated the facts and law relating to the matters alleged in the Revised First Amended Complaint, including extensive legal research as to

2314855.2

the sufficiency of the claims, and an evaluation of the risks associated with continued litigation, class certification, trial, and potential appeal. Doc. 120-1.

4. The settlement was reached as a result of extensive arm-length negotiations between counsel for Plaintiffs, on the one hand, and counsel for Defendants, on the other hand, including, but not limited to, two meditations.

5. The Settlement confers substantial benefits upon the Settlement Class, particularly in light of the damages that Plaintiffs and Class Counsel believe are potentially recoverable or provable at trial, and does so without the costs, uncertainties, delays, and other risks associated with continued litigation, class certification, trial, and potential appeal.

6. The Court conditionally certifies, for settlement purposes only, the following settlement class: "All persons and other entities who purchased Super S Super Trac 303 Tractor Hydraulic Fluid in Missouri at any point in time from May 25, 2013 to present, excluding those who purchased for resale. Also excluded from the Settlement Class are Defendants, including any parent, subsidiary, affiliate or controlled person of Defendants; Defendants' officers, directors, agents, employees and their immediate family members, as well as the judicial officers assigned to this litigation and members of their staffs and immediate families."

7. The Court conditionally finds, for settlement purposes only and conditioned upon entry of the Final Order and Judgment and the occurrence of the Effective Date, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of members of the Settlement Class is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class for purposes of settlement; (d) Plaintiffs have fairly and adequately represented the interests of the Settlement Class and will continue to do so, and Plaintiffs have retained experienced counsel to represent them; (e) for purposes of settlement, the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting any individual members of the Settlement Class; and (f) for purposes of settlement, a class action is superior to

the other available methods for the fair and efficient adjudication of the controversy. The Court also concludes that, because this Action is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a statewide class action involving the issues in this case. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). In making these findings, the Court has exercised its discretion in conditionally certifying, for settlement purposes only, the Settlement Class on a statewide basis.

8. The Court appoints Tom Bender and Dirk Hubbard from the law firm Horn Aylward & Bandy in Kansas City, Missouri, Gene Graham, William Carr, and Bryan White from the law firm of White, Graham, Buckley & Carr, LLC, and Clayton Jones of the Clayton Jones Law Firm as counsel for the Class ("Class Counsel"). For purposes of these settlement approval proceedings, the Court finds that Class Counsel are competent and capable of exercising their responsibilities as Class Counsel. The Court designates named Plaintiffs Shawn Hornbeck, Monte Burgess, Dan Chevalier, and Russ Mapes as the representative of the Settlement Class. The Court further appoints RG/2 Claims Administration LLC to serve as the Settlement Administrator.

9. The Final Fairness Hearing shall be held before this Court on March 10, 2020, at 10:00 a.m., to determine whether the Settlement Agreement and Release is fair, reasonable, and adequate and should receive final approval. The Court will rule on Class Counsel's application for an award of attorneys' fees and expenses (the "Fee Application") at that time. Papers in support of final approval of the Settlement Agreement and Release and the Fee Application shall be filed with the Court according to the schedule set forth below. The Final Fairness Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Settlement Class. After the Final Fairness Hearing, the Court may enter a Final Order and Judgment in accordance with the Settlement Agreement and Release that will adjudicate the rights of the Settlement Class Members (as defined in the Settlement Agreement and Release) with respect to the claims being settled.

10. Pending the Final Fairness Hearing, all proceedings in the Action, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement

Agreement and Release and this Order, are stayed.

11. The Court approves, as to form and content, the Long Form Notice and Summary Notice, attached as <u>Exhibit D</u> and <u>Exhibit E</u>, respectively, to the Settlement Agreement and Release. Doc. 119-1, pp. 68–85.

12. The Court finds that the Long Form Notice and Summary Notice are reasonable, that they constitute due, adequate, and sufficient notice to all persons entitled to receive notice, and that they meet the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure. Specifically, the Court finds that the manner of dissemination of the Long Form Notice and Summary Notice described herein complies with Rule 23(e) of the Federal Rules of Civil Procedure as it is a reasonable manner of providing notice to those Settlement Class Members who would be bound by the Settlement. The Court also finds that the manner of dissemination of the Long Form Notice and Summary Notice described herein complies with Rule 23(c)(2), as it is also the best practicable notice under the circumstances, provides individual notice to all Settlement Class Members who can be identified through a reasonable effort, and is reasonably calculated, under all the circumstances, to apprise the members of the Settlement Class of the pendency of this Action, the terms of the settlement, and their right to object to the settlement or exclude themselves from the Settlement Class.

13. Settlement Class Members for whom contact information of Super S Super Trac 303 THF during the Class Period is available will receive a Long Form Notice by mail and, where possible, by email. All Settlement Class Members will have until the date identified herein to submit their Claim Forms, which is due, adequate, and sufficient time. Any Settlement Class Member who wants to seek additional relief for repairs, parts purchases, and/or specific equipment damage must submit a Claim Form.

14. The Court Orders that notice shall be provided to the Settlement Class in compliance with the following procedure:

    (a) Within ten (10) business days after entry of this Order, Defendants shall provide to the Settlement Administrator, to the extent available, the full name and last known address

of each member of the Settlement Class and, where available, for each member of the Settlement Class the number and size of Super S Super Trac 303 Tractor Hydraulic Fluid units purchased during the Class Period.

(b) Within thirty (30) days after receipt of the information set forth in the immediately preceding paragraph, the Settlement Administrator shall mail by bulk mailing Long Form Notices in substantially the form attached to the Settlement Agreement as <u>Exhibit D</u> to the last known mailing address of each member of the Settlement Class. The Long Form Notice shall be accompanied by a Claim Form substantially in the form attached to the Settlement Agreement as <u>Exhibit C</u>. The date on which the Settlement Administrator first mails direct mail notice pursuant to this paragraph shall be the "Notice Date." For any initial direct mail notice that is returned as undeliverable within twenty-one (21) days after mailing, the Settlement Administrator shall attempt to locate a new address through an address search or any other reasonably available means. If a new address is located, the Settlement Administrator shall promptly re-mail the initial notice. If, after a second mailing, the notice is again returned, no further efforts need be taken by the Settlement Administrator to send the direct mail notice.

(c) Within thirty (30) days after entry of this Order, but no later than the Notice Date, the Settlement Administrator shall (i) secure and maintain a Post Office Box or similar mailing address for the receipt of Claim Forms, opt-out notices, and any other correspondence related to the Settlement; and (ii) establish a unique, case-specific e-mail address for online receipt of Claim Forms, opt-out notices, and any other correspondence related to the Settlement

(d) Within thirty (30) days after entry of this Order, but no later than the Notice Date, the Settlement Administrator shall create and maintain an operating website that: (i) contains downloadable copies of the Preliminary Approval Order, Long Form Class Notice, the Settlement Agreement, Claim Form, and, when filed, Class Counsels' motions for an attorneys' fees and for incentive fees for the Plaintiffs; (ii) will post any

subsequent notices agreed upon by the Parties; and (iii) allows members of the Settlement Class to submit claims. This website shall be referred to as the "Settlement Website."

(e) Within thirty (30) days after entry of this Order, but no later than the Notice Date, the Claims Administrator shall set up a toll-free telephone number for receiving toll-free calls related to the Settlement. That telephone number shall be maintained until sixty (60) calendar days after the Bar Date. After that time, and for a period of ninety (90) calendar days thereafter, either a person or a recording will advise any caller to the toll-free telephone number that the deadline for submitting claims has passed and the details regarding the Settlement may be reviewed on the Settlement Website.

(f) On the Notice Date, or as close thereto as is reasonably practicable under the circumstances, the Settlement Administrator shall cause the Summary Class Notice in substantially the form attached to the Settlement Agreement as <u>Exhibit E</u> to be published in the following publications:

   i. *Missouri Farmer Today*
   ii. Springfield News Leader
   iii. Kansas City Star
   iv. St. Louis Post-Dispatch
   v. Columbia Daily Tribune
   vi. Jefferson City News Tribune
   vii. St. Joseph News-Press
   viii. Daily American Republic
   ix. Southeastern Missourian
   x. The Examiner
   xi. Joplin Globe
   xii. Hannibal Courier-Post

The Summary Class Notice shall be published once in each publication, with the

6

notice to be approximately one-half of a page in size for *Missouri Farmer Today* and approximately one-eighth of a page in size for the remaining publications, said sizes subject to reasonable modification, as necessary, by agreement of the Parties and with the approval of the Settlement Administrator.

(g) The Settlement Administrator shall mail a Claim Form to each person and/or entity that makes such request.

(h) Claim Forms shall also be available through the Settlement Website.

15. Each Settlement Class Member who wishes to be excluded from the Settlement Class and follows the procedures set forth in this Paragraph shall be excluded.

(a) Putative class members wishing to opt out of the Settlement must send to the Settlement Administrator on or before the Bar Date by fax, U.S. Mail, e-mail, or electronically via the Settlement Website a written request to be excluded from the Settlement. The request to be excluded from the Settlement Class must include the member's name, address, and telephone number and provide a clear statement communicating that he, she, or it elects to be excluded from the Settlement Class, does not wish to be a Settlement Class Member, and elects to be excluded from any judgment entered pursuant to the Settlement.

(b) Any request for exclusion or opt out sent to the Settlement Administrator by United States mail must be postmarked on or before the Bar Date. The date of the postmark on the mailing envelope shall be the exclusive means used to determine whether a request for exclusion sent by United States mail has been timely submitted.

(c) Members of the Settlement Class who fail to submit a valid and timely request for exclusion on or before the date specified in this Order shall be bound by all terms of this Settlement Agreement and the Final Order and Judgment, regardless of whether they have requested exclusion from the Settlement. All persons or entities who properly elect to opt out of the settlement shall not be Settlement Class Members and shall relinquish their rights to benefits with respect to the Settlement Agreement and

Release, should it be approved.

16. Any member of the Settlement Class who has not timely submitted a written request for exclusion from the Settlement Class, and thus is a Settlement Class Member, may ask the Court to deny approval by filing an objection. Settlement Class Members cannot ask the Court to order a larger settlement; the Court can only approve or deny the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If any member of the Settlement Class Members wants that to happen, he or she must object in accordance with the following procedure:

(a) Any member of the Settlement Class who intends to object to the fairness, reasonableness, or adequacy of the Settlement must, no later than the Bar Date: (i) file a written objection with the Court either by mailing them to Office of the Clerk of Court, United States District Court for the Western District of Missouri, 400 E. 9th Street, Kansas City, Missouri, 64106, or by filing them in person at any location of the United States District Court for the Western District of Missouri, or by electronic filing; and (ii) serve a copy of the same on counsel for the Parties at the addresses set forth in this Settlement Agreement.

(b) In the written objection, the member of the Settlement Class must provide the information required on the Claim Form, state the member's full name, current address, telephone number, the reasons for the objection, whether he or she intends to appear at the fairness hearing on his or her own behalf or through counsel, and a list of all cases in which the objector or objector's counsel has objected to a class-action settlement in the last five (5) years. Any documents supporting the objection must also be attached to the written objection, and if the objecting member of the Settlement Class intends to call witnesses at the Final Fairness Hearing, any such witness must be identified, including by providing each such witness's name, address and telephone number. Objections must be signed by the member of the Settlement Class or by his, her, or its counsel. Any member of the Settlement Class who fails to file and serve timely written

objections in the manner specified herein, shall be deemed to have waived all objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

(c) Any member of the Settlement Class who has timely filed a written objection, as provided for herein, may appear at the Final Fairness Hearing, either in person or through an attorney hired at the Class Member's own expense, to object to the fairness, reasonableness, or adequacy of the Settlement. A member of the Settlement Class, or his, her, or its attorney, intending to make an appearance at the Fairness Hearing must: (i) file a notice of appearance with the Court no later than ten (10) business days prior to the Final Fairness Hearing, or as the Court may otherwise direct; and (ii) serve a copy of such notice of appearance on counsel for all Parties.

17. Class Counsel shall file their application for attorneys' fees ten (10) business days before the Bar Date.

18. Papers in support of final approval of the Settlement Agreement and Release, and in response to any objections to the Settlement Agreement and Release or Class Counsels' fee application, shall be filed with the Court ten (10) business days in advance of the date of the Final Fairness Hearing.

19. The Bar Date shall be one hundred fifty (150) calendar days after the Notice Date. The Bar Date may be extended by written agreement of the parties through Class Counsel and Defense Counsel without further approval of the Court or notice to the Settlement Class, provided that the settlement website administered by the Settlement Administrator shall be promptly updated to reflect any extension of the Bar Date.

20. These dates of performance may be extended by order of the Court, for good cause shown, without further notice to the Settlement Class. Settlement Class Members may check the Settlement Website regularly for updates and further details regarding extensions of these dates of performance. Settlement Class Members may also access the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at

9

Case 4:18-cv-00523-NKL   Document 121   Filed 08/19/19   Page 9 of 11

https://www.mow.uscourts.gov/, or by visiting the office of the Clerk of the Court for the United States District Court for the Western District of Missouri, 400 E. 9th Street, Kansas City, Missouri, 64106, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

21. Notwithstanding any other provision of the Settlement Agreement, if five hundred (500) or more of the members of the Settlement Class opt out of the Settlement, Defendants, in their sole discretion, may rescind and revoke the entire Settlement and the Settlement Agreement, thereby rendering the Settlement null and void in its entirety. In order to exercise this right, Defendants must send written notice to Class Counsel that Defendants revoke the Settlement within ten (10) business days following the date the Settlement Administrator reports to Class Counsel and Defense Counsel a number and identity of the opt outs that exceeds 500. Such a written notice to revoke the Settlement shall constitute an Event of Termination.

22. If for any reason a Final Order and Judgment as contemplated in the Settlement Agreement and Release is not entered, or the Effective Date does not occur for any reason, the following shall apply:

(a) All orders and findings entered in connection with the Settlement Agreement and Release shall become null and void and have no force and effect whatsoever, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding;

(b) The conditional certification of the Settlement Class pursuant to this Order shall be vacated automatically, and the Actions shall proceed as though the Settlement Class had never been certified pursuant to this Settlement Agreement and Release and such findings had never been made;

(c) All of the Court's prior Orders having nothing whatsoever to do with the certification of the Settlement Class shall, subject to this Order, remain in force and effect, subject to extensions or modifications of deadlines as appropriate under the circumstances and in the Court's discretion; and

(d) Nothing in this Order or pertaining to the Settlement Agreement and Release, including

any of the documents or statements generated or received pursuant to the claims administration process, shall be used as evidence in any further proceeding in this case or in any other action, proceedings, or matter, whether civil, criminal, or administrative.

23. Pending final determination of whether the proposed settlement should be approved, no member of the Settlement Class, directly, derivatively, in a representative capacity, or in any other capacity, may commence or continue any action against any of the Released Parties in any court or tribunal asserting any of the Released Claims (as that term is defined in the Settlement Agreement and Release).

24. RG/2 Claims Administration LLC is hereby appointed as Settlement Administrator for this settlement and shall perform all of the duties of the Settlement Administrator set forth in the Settlement Agreement and Release.

25. Nothing contained in this Order is, or may be construed as, a presumption, concession or admission by or against Defendants, or any Released Party (as that term is defined in the Settlement Agreement and Release) of any alleged or asserted default, liability or wrongdoing as to any facts or claims alleged or asserted in the Action, or in any actions or proceedings, whether civil, criminal or administrative.

26. Class Counsel and Defense Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Settlement Agreement and Release, including making, without further approval of the Court, minor changes to the form or content of the Long Form Notice, Summary Notice, and other exhibits that they jointly agree are reasonable or necessary.

**IT IS SO ORDERED**.

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: August 19, 2019
Jefferson City, Missouri

11

Case 4:18-cv-00523-NKL   Document 121   Filed 08/19/19   Page 11 of 11