IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SHAWN HORNBECK, et al. <br>     each on behalf of himself and others <br>     similarly situated, <br><br>                               Plaintiffs, <br><br> v. <br><br> TRACTOR SUPPLY COMPANY, and <br> SMITTY'S SUPPLY, INC., <br><br>                               Defendants. | Case No. 4:18-CV-00523--NKL |

## MOTION FOR FINAL APPROVAL
## OF PROPOSED CLASS ACTION SETTLEMENT

COME NOW Plaintiffs Shawn Hornbeck, Monte Burgess, Dan Chevalier and Russ Mapes ("Plaintiffs"), by and through their respective undersigned counsel, and move the Court for entry of an order and judgment substantially in the form attached hereto as Exhibit 1-B granting final approval of the Parties' Settlement Agreement and Release filed herewith as Exhibit 1. In support of their Motion, Plaintiffs respectfully state as follows:

1.      On or about July 29, 2019, the Parties entered into the Settlement Agreement and Release in this matter (the "Settlement Agreement"). The Settlement Agreement provided an opportunity for Class Members to obtain substantial relief, including direct monetary payments, if they had purchased Super S Super Trac 303 Tractor Hydraulic Fluid ("Super Trac 303") in the state of Missouri between May 25, 2013 and the present. The Settlement Agreement, with the following exhibits, is attached to this Motion as Exhibit 1:

        Exhibit A – Preliminary Approval Order

        Exhibit B – Final Approval Order

        Exhibit C – Claim Form and Instructions

<span style="text-decoration: underline">Exhibit D</span> – Long Form Class Notice

<span style="text-decoration: underline">Exhibit E</span> – Summary Class Notice

<span style="text-decoration: underline">Exhibit F</span> – Repair/Parts Fund Claims Review Process

(*See* Settlement Agreement, Exhibit 1).

2. On August 19, 2019, this Court entered its Preliminary Approval Order granting preliminary approval of the Settlement Agreement (the "Preliminarily Approval Order"). (See Doc. 121). The Settlement Class certified was as follows:

> All persons and other entities who purchased Super S Super Trac 303 Tractor Hydraulic Fluid in Missouri at any point in time from May 25, 2013 to present, excluding those who purchased for resale. Also excluded from the Settlement Class are Defendants, including any parent, subsidiary, affiliate or controlled person of Defendants; Defendants' officers, directors, agents, employees and their immediate family members, as well as the judicial officers assigned to this litigation and members of their staffs and immediate families.

(Doc. 121, par. 6).

3. Since that time, and as explained in more detail in the Declaration of Tina Chiango filed herewith, the Court-appointed Settlement Administrator, RG/2 Claims Administration LLC ("RG/2") has implemented the Court-approved notice and claims administration process, as set forth in the Settlement Agreement and the Preliminarily Approval Order. (*See generally* T. Chiango Decl., Exhibit 2, hereto).

4. With the claims period now closed, the Parties, pursuant to the Settlement Agreement and the Court's Preliminary Approval Order, now respectfully request that the Court enter an order, in substantially the form of the proposed Final Approval Order attached hereto as Exhibit 1-B, granting final approval of the class-action settlement memorialized in the Settlement Agreement. As set forth more fully in Exhibit 1-B, the requested order finally approves the Settlement Agreement and, among things:

(a) finds that the notice provided satisfies the requirements of due process and Fed. R. Civ. P. 23(e)(1);

(b) finds that Settlement Class Members have been adequately represented by the Class Representatives and Class Counsel;

(c) finds that the Settlement Agreement is fair, reasonable and adequate to the Settlement Class, that each Settlement Class Member shall be bound by the Settlement Agreement, including the release and the covenant not to sue set forth in the Settlement Agreement, and that the Settlement Agreement should be and is finally approved;

(d) dismisses on the merits and with prejudice this action, including all claims of the Settlement Class Members asserted against Defendants, with each Party waiving all rights to appeal and waiving all rights to seek reimbursement of attorneys' fees or costs (except as expressly provided in the Settlement Agreement);

(e) permanently enjoins each and every Settlement Class Member from bringing, joining, or continuing to prosecute any Released Claims against any of the Released Parties; and,

(f) retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of the Settlement Agreement.

5. In further support of the adequacy and appropriateness of the Settlement Agreement, including the notice provided to Settlement Class Members, the processing of claims, and the expected distribution of the Class Settlement Fund, the Declaration of Tina Chiango,

3

Director of Claims Administration, Securities, and Antitrust for RG/2, the Court-approved Settlement Administrator, is attached hereto as Exhibit 2.

6. Pursuant to this Court's Preliminary Approval Order and as set forth in more detail in Ms. Chiango's declaration, on September 19, 2019, the Long Form Class Notice was mailed to 2,639 Members of the Settlement Class who were identified by Tractor Supply Company records has having purchased the Super Trac 303 product. Emails were also sent to 1,260 Class Members who email addresses were contained in the records provided by Tractor Supply. (*See* T. Chiango Decl., Ex. 2, ¶ 6).

7. Pursuant to this Court's Order, an additional 308 Class Members for whom contact and purchase information had been obtained were subsequently provided a supplemental Notice indicating the number of buckets purchased based on retailer/distributor Cape Warehouse's records, with each being informed there was no need to file a claim form in order to receive their Part A award. (*See id.* ¶¶ 11-14).

8. Further, and as set forth in more detail in Ms. Chiango's declaration, publication notice was provided through various print and electronic media to Class Members for whom no direct mailing contact information was available. (*See id.* ¶¶ 7-10).

9. In accordance with this Court' Preliminary Approval Order, Class Members had until February 17, 2020 by which to file objections to the Settlement. No Class Member has filed an objection. (*See, e.g.,* T. Chiango Decl., Ex. 2, ¶ 15).

10. In accordance with this Court's Preliminary Approval Order, Class Members had until February 17, 2020 by which to opt-out of the Settlement. One Class Member opted out. (*See* T. Chiango Decl., Ex. 2, ¶ 15).

11. Further, RG/2 estimates that approximately $950,000.00 of the total $1,700,000.00

4

Settlement Fund will be distributed to Settlement Class Members. (*See id.* ¶ 16.) The anticipated breakdown for the distribution of the Settlement Fund is as follows: (a) $950,000 to Class Members for Part A and Part B monetary awards; (b) $68,500.00 (estimated) for the reasonable costs, fees, and expenses (including any tax-related expense associated with the fund) of providing notice to the Settlement Class and administering the settlement, all pursuant to the terms of the Settlement Agreement and Orders of this Court; (c) $20,000.00 total for requested incentive awards to Class Representatives; (d) $150,000.00 for Class Counsel's expenses; (e) and $511,500.00 for Class Counsel's attorneys' fees. (*See id.* ¶ 16).

12. Of the $950,000.00 in payments to Class Members to be made upon Final Approval, it is presently estimated that $108,840.00 is to be paid to 885 Class Members for Part A Claims for bucket relief at 50% return of the average purchase price for each unit. This represents 7,670 five-gallon buckets. (*See id.* ¶ 19.) This is more than 10% of the number of 5-gallon buckets sold by Tractor Supply Company stores in Missouri during the Class Period. This estimate is based on claims determined to be valid. The exact amount will be determined after consideration of all responses received to claim denial letters, which should be prior to the Fairness Hearing on March 10th.

13. $840,000.00 or more of the $950,000.00 Class Settlement Fund will be awarded to those Class Members who submitted valid Part B Claims for repairs, parts, and/or specific equipment damage that resulted from use of the Super Trac 303. It is presently estimated that Class Members have submitted $1,161,177.55 in valid claims for Part B relief. (*See id.* ¶ 19.) Those claims include hundreds of pieces of equipment and repairs and/or damage to hydraulic pumps, power steering lines, hydraulic control valves, hydraulic cylinder seals, bucket cylinders, hydraulic hoses, drive motors, transmissions, clutches, hydrostats, wheel motors, power steering

5

pumps and gearboxes, reservoirs, o-rings, filters, valves, and drive trains. If the present evaluations of valid claims remain unchanged, Class Members will each receive more than 66% of their valid Part B claim for repairs, parts, and/or specific equipment damage. This estimate is based on claims determined to be valid. The exact amount will be determined after consideration of all responses received to claim denial letters, which should be prior to the Fairness Hearing on March 10th.

14. There were 9,353 timely-filed claims seeking $4,576,792.00 in Part A bucket relief and $2,781,831.15 in Part B fund relief. The Settlement Administrator, Class Counsel, and Defendants' Counsel agreed on all claim evaluations and determinations. Claim denial letters have been sent to nearly 6,000 claimants based on reasons such as the claim form failing to provide and/or providing invalid information regarding store location, equipment, and/or repairs. Each claimant receiving such a denial letter is being given 21 days to provide additional supporting information or documentation. (*See id.* ¶¶ 17-18).

15. This Motion has been provided to counsel for Defendants, but Defendants have not responded to communications inquiring as to whether Defendants have any objection to this Motion. This Motion is in accordance with the Class Settlement Agreement.

16. In further support this Motion, Plaintiffs file concurrently herewith their Memorandum in Support of Motion for Final Approval of Proposed Class Action Settlement.

WHEREFORE, Plaintiffs respectfully request the Court enter the proposed Final Approval Order attached hereto as Exhibit 1-B and grant such other and further relief as is just and proper.

Date: February 25, 2020                    Respectfully Submitted,

WHITE, GRAHAM, BUCKLEY,
& CARR, L.L.C

BY: /s/ Gene P. Graham, Jr.
    Gene P. Graham, Jr. MO 34950
    William Carr MO 40091
    Bryan T. White MO 58805
    19049 East Valley View Parkway
    Independence, Missouri 64055
    (816) 373-9080
    Fax: (816) 373-9319
    ggraham@wagblaw.com
    bcarr@wagblaw.com
    bwhite@wagblaw.com

HORN AYLWARD & BANDY, LLC

BY: /s/ Dirk Hubbard
    Thomas V. Bender, MO 28099
    Dirk Hubbard, MO 37936
    2600 Grand, Ste. 1100
    Kansas City, MO 64108
    (816) 421-0700
    (816) 421-0899 (Fax)
    tbender@hab-law.com
    dhubbard@hab-law.com

CLAYTON JONES, ATTORNEY AT LAW
BY: /s/ Clayton A. Jones
    Clayton Jones MO 51802
    405 Foxwood Dr.
    Raymore, MO 64083
    Office: (816) 318-4266
    Fax: (816) 318-4267
    clayton@claytonjoneslaw.com

**ATTORNEYS FOR PLAINTIFFS
AND CLASS MEMBERS**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that this document was filed electronically with the United States District Court for the Western District of Missouri, with notice of case activity to be generated and sent electronically by the Clerk of the Court to all designated persons this 25th day of February, 2020.

*/s/ Dirk Hubbard*